Fbauk J. Krojstenbebg, J.
Defendant was sentenced by this court in 1957 as a third felony offender and he now moves to vacate the sentence on the ground that section 1943 of the Penal Law and section 485-a of the Code of Criminal Procedure were not complied with.
The stenographic minutes show that at the sentencing the court addressed the defendant as follows: 1 ‘ The district attorney has informed the court you were convicted of a felony in Ontario on or about January 23, 1935 and a felony or crime of robbery on Thorland, Ontario, May 2, 1939. You have a right to be tried as to the truth of that information; such right includes trial by jury, represented by counsel as to the fact you are the same person charged in such information or not.”
The defendant answered “ I am sir ”. The court then said “ You are the same person? ” and the defendant replied “ Yes ”. The defendant was then duly sentenced.
Defendant complains that he was not given the ‘1 unequivocal statutory warning ” of increased punishment as mentioned in People ex rel. Carollo v. Brophy (294 N. Y. 540). But the case dealt merely with the construction of section 1699 of the Penal Law referring to the felony of escape, as not being a felony which may be counted under sections 1941 and 1942 of the Penal Law. The comment about ‘ ‘ unequivocal statutory warning ’ ’ meant merely that if section 1699 was ambiguous, then it must be construed in favor of the defendant in accordance with the elementary principle that penal statutes must be strictly construed. The decision does not purport to read into section 1943 a requirement that the defendant be informed by the court of possible increased punishment.
Defendant also complains that he was not informed of his right to stand mute in reply to the information charging prior convictions. The language of section 1943 contains no such requirement.
As to the defendant’s complaint that the records made pursuant to section 485-a do not show with sufficient particularity the names of the courts wherein were had his prior convictions, it is the opinion of this court that the Clerk’s minutes, plus the information filed by the District Attorney, plus the stenographic minutes, preclude the possibility of any misapprenhension on the part of the defendant as to the prior convictions of which he was being accused.
The defendant’s allegations are conclusively refuted by the unquestioned documentary evidence and, under these circumstances, there is no necessity for the taking of testimony. The petition is dismissed.