Joseph D. Quiwh, Jr., J.
In this criminal action, defendant, who has been indicted on two counts of criminally selling a dangerous drug in the third degree, in violation of former section 220.35 of the Penal Law (L. 1969, ch. 787), and on two counts of criminal possession of a dangerous drug in the f ourth degree, in violation of former subdivision 1 of section 220.15 of the Penal Law (L. 1969, ch. 788), brought on an omnibus motion seeking varied relief.
In the seventh branch of that application, defendant challenged the constitutionality of section 70.06 of the Penal Law and of GPL 220.10 (subd. 6, par. [b]) insofar as those sections apply to him as a potential second felony offender, upon the grounds that they violate his “ [r]ights under both the New York and United States Constitutions relative to ex post facto laws, double jeopardy, due. process, equal protection and cruel and unusual punishment.”
In a peliminary decision and order entered in this action on September 12,1974 this court held determination of that seventh branch of the application in abeyance, directing, sua sponte, after a cursory inspection of the moving papers, that the Attorney-General be first brought in under the provisions of section 71 of the Executive Law to defend the constitutionality of the section of the Penal Law and that of the GPL which had come under attack. In the interim, the remaining branches of the motion have been decided, and the court has been advised that the Attorney-General has not yet been .served with copies of the papers here which would oblige him to intervene.
While it is this court’s general policy to call upon the Attorney-General to defend the constitutionality of challenged State statutes in every instance where the parties to an action or proceeding, in which a constitutional objection is asserted, have failed to notify him in the first instance, a close examination of the papers and pleadings filed to date in this action reveals that the employment of such procedure is contra-indicated under the circumstances which obtain here. For that reason, the court, on its own motion, recalls so much of its preliminary decision and *183 modifies so much of its preliminary order as required intervention by the Attorney-General.
This modification facilitates the summary disposition of defendant’s constitutional protest and accelerates the trial of this cause.
As we have earlier stated, defendant has assailed the validity of section 70.06 of the Penal Law and of CPL 220.10 (subd. 6, par. [b]) as those sections apply to him as a second felony offender, upon the grounds, inter alia, that they do violence to his due process and equal protection rights and that they are inconsistent with the Eighth Amendment proscription against the imposition of cruel and inhuman punishments. Moreover, he contends, effectively, that each of these sections, which are essentially recidivist statutes calling for increased punishment for second or predicate felony offenders and limiting the scope of plea bargaining by such habitual criminals, is violative of the prohibition against the passage of ex post facto laws which is to be found in section 9 of article I of the United States Constitution.
Were it not for one significant factor in this case which defendant has apparently overlooked, these contentions would undoubtedly raise questions of constitutional dimension. But, what has escaped defendant is the plain fact that neither of the challenged sections has any application to him, or to the situation in which he finds himself.
Defendant stands charged with drug sale and possession offenses which are spelled out under former sections of the Penal Law which were last amended in 1969 (cf. L. 1969, ch. 787, § 2, amdg. Penal Law, § 220.35; ch. 788, § 3, amdg. Penal Law, § 220.15) and were repealed in 1973 (cf. L. 1973, ch. 276, § 18). And the Grand Jury which indicted him says that he committed these offenses in 1972.
Section 70.06 of the Penal Law was enacted in 1973 and did not become effective until the first day of September of that year. (Cf. L. 1973, ch. 277, §§ 9 and 18; ch. 278, §§ 8 and 12; ch. 1051, §§ 3 and 21.)
OPL 220.10 (subd. 6, par. [b]) was added in 1973 and became effective on the first day of September of that year, (L. 1973, ch. 276, § 23; § 34, subd. [1]; ch. 277, §§ 12 and 18; ch. 1051, §§ 16 and 21.)
The Legislature expressly exempted offenses committed prior to September 1, 1973 from the coverage of both of the sections which defendant would have us strike down when, in section 33 of chapter 276 of the Laws of 1973, it directed that “ the pro *184 visions of this act do not apply to or govern the constructiont of and punishment for any offense committed prior to the effective date of this act, or the -construction.and application of any defense to a prosecution for -such an offense. Such gn offense must be construed and punished according to the provisions of law existing \at the time of the commission thereof in \the same manner as if this act had not been enacted.” (Emphasis supplied.)
Clearly 'then, the laws which defendant would have us strike down have no impact on him. The plain truth of the matter is that he has no special or personal grievance with these statutes which demands redress. Thus he lacks the interest which is requisite to standing to question the constitutionality of these sections.
‘ ‘ One of the elementary doctrines -of -constitutional law, firmly established by the authorities, is that the constitutionality of a legislative act is open to an -attack only by a person whose rights are affected thereby. Before a law can be assailed by any person on the ground that it is unconstitutonal, he must show •that he has an interest in the question in that the enforcement of the law would be an infringment on his rights. The corollary to this rule is that one who is not prejudiced by the enforcement of an act of the legislature cannot question its constitutionality. ’ ’ (8 N. Y. Jur., Constitutional Law, § 50, p. 577; cf. Oriental Blvd. Co. v. Heller, 27 N Y 2d 212, 220.)
Accordingly, the second branch of defendant’s omnibus motion is denied in its entirety.
The -County Clerk is directed to serve a copy of this decision and order, with notice of entry thereof, upon defendant’s attorney and upon the -District Attorney. So ordered.