THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* NATHANIEL BRYANT, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOEL G. KRAMER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALEXANDER J. MISTRETTA, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL J. PARISI, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JEROME RICHMAN, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LESLIE WALDRON, Appellant.

Second Department, March 3, 1975.

*James J. McDonough (Stephen N. Shapiro* and *Matthew Muraskin* of counsel on the appeals by Bryant, Parisi, Mistretta and Waldron; *Eugene Murphy* and *Matthew Muraskin* of counsel on the appeals by Richman and Kramer), for appellants.

*William Cahn, District Attorney (Jules E. Orenstein* of counsel on the appeals by Bryant and Parisi; *Jules E. Orenstein* and *John J. Budnick* of counsel on the appeals by Richman, Mistretta and Waldron; *Jules E. Orenstein* and *Andrew C. Morganstern* of counsel on the appeal by Kramer), for respondent.

SHAPIRO, J. After pleading guilty to various felonies, the defendants in the six above-captioned cases were sentenced as second felony offenders pursuant to the provisions of section 70.06 of the Penal Law. They now appeal from their sentences. We affirm.

THE ISSUES

These appeals present common constitutional and statutory issues. One or more of the defendants pose the following questions: (1) whether section 70.06 of the Penal Law, which defines, and then prescribes, the sentence that a court must impose when it has found that a defendant is a second felony offender, violates the Federal constitutional ban on " cruel and unusual " punishment; and (2) whether CPL 400.21 (subd. 3) violates a defendant's privilege against self incrimination when it provides that a defendant who stands convicted of a felony, and who might be a second felony offender under section 70.06 of the Penal Law and who has been given a copy of the prosecutor's statement setting forth the alleged predicate felony wishes to controvert any allegation in the statement, *must* specify the allegation he wishes to controvert and shall be deemed to have admitted uncontroverted allegations in the statement.[1]

---

1. There is a third issue: Whether the provisions of section 70.06 of the Penal Law which define a predicate felony (for the purpose of determining the applicability of the second felony offender sentencing provisions thereof) by permitting the use, as a predicate felony conviction, in addition to a conviction in this State of a felony, of a conviction "in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or of a sentence of death was authorized" (a) violate the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution and (b) are an improper (i) delegation of the legislative power to prescribe punishment to the Legislatures of other States in violation of section 1 of article III of the Constitution of the State of New York and (ii) incorporation in our law, by reference, of the laws of other jurisdictions in violation of section 16 of article III of the Constitution of the State of New York.

In addition, in three of the cases *(Bryant, Mistretta* and *Waldron)* there is a contention that the mandatory requirements of CPL 400.21 were not complied with by the prosecutor and the sentencing court and that, therefore, the sentences are illegal and must be vacated and the defendants remanded for proper sentencing.

### THE FACTS

Before the legal issues herein can be properly dealt with, the facts in each of the six cases must be analyzed.

In *Bryant* the defendant was indicted for burglary in the third degree and petit larceny. He entered a plea of guilty to attempted burglary in the third degree in satisfaction of both charges. At the plea hearing the Assistant District Attorney, in the presence of the defendant and his counsel, stated that the defendant was a prior felony offender. Both the court and the court clerk informed the defendant that because he had a prior felony conviction the court would be required to impose a minimum sentence of 1½ to 3 years. The defendant said he understood and pleaded guilty. At the sentencing hearing the court, after noting that the probation report stated that in *1971* the defendant pleaded guilty to robbery in the second degree and was sentenced to an indeterminate term of five years, asked the defendant if he admitted the previous felony conviction, and the defendant's attorney replied in the affirmative. The court sentenced the defendant as a second felony offender to an indeterminate prison term of from 1½ to 3 years in prison.

It does not appear, however, that the prosecutor gave the defendant a copy of a statement of his prior conviction or that the defendant was informed by the court of his right to controvert specific allegations in the statement and to a hearing,

---

Mr. Justice BURTON B. ROBERTS, in *People* v. *Mazzie* (78 Misc 2d 1014), held the statute unconstitutional insofar as it authorized out-of-State convictions to be used as predicate prior felonies. Mr. Justice JOSEPH D. QUINN, JR., in *People* v. *Wixson* (79 Misc 2d 557), held to the contrary. We do not reach these questions because all of the prior predicate felony convictions in the six cases before us are, in fact, New York State convictions. See *People* v. *Harris* (79 Misc 2d 181, 184), where the court said: " ' One of the elementary doctrines of constitutional law, firmly established by the authorities, is that the constitutionality of a legislative act is open to an attack only by a person whose rights are affected thereby. Before a law can be assailed by any person on the ground that it is unconstitutional, he must show that he has an interest in the question in that the enforcement of the law would be an infringement on his rights. The corollary to this rule is that one who is not prejudiced by the enforcement of an act of the legislature cannot question its constitutionality.' (8 N. Y. Jur., Constitutional law, § 50, p. 577; cf. *Oriental Blvd. Co.* v. *Heller*, 27 N Y 2d 212, 220.) "

in the event of such controversion, on the issue of the correctness of any allegations thus controverted.

In *Kramer* the defendant was indicted for burglary in the second degree and grand larceny in the second degree. He entered a plea of guilty to burglary in the third degree, a class D felony, in satisfaction of this indictment and other charges. At the plea hearing he was advised by the court, prior to its acceptance of his plea, that by his plea he was waiving his constitutional rights to a speedy trial, a jury trial, confrontation of the witnesses against him and his privilege against self incrimination. The court also advised him, prior to accepting his plea, that if he were a prior felony offender the court was mandated to impose on him a specified minimum term. At the sentencing hearing the defendant admitted that he had been served with a statement from the District Attorney of a prior felony conviction in the State of New York in *1971*, did not avail himself of his right to controvert the allegations therein and admitted them. The court sentenced him as a second felony offender to an indeterminate prison term of two to four years.

In *Mistretta* the defendant was indicted for criminal possession of a controlled substance in the fifth and seventh degrees, criminal possession of a hypodermic and reckless endangerment of property. He pleaded guilty to attempted criminal possession of a controlled substance in the fifth degree, a class D felony, in satisfaction of all the charges against him. At the plea hearing the court informed him that it had in its possession a record which showed that he had a *1970* New York State felony conviction for criminally selling a dangerous drug in the fourth degree and warned him that there were additional mandatory penalties for second felony offenders. The defendant admitted that he was the individual so convicted. It does not appear, however, that he was given a copy of the prosecutor's statement of prior convictions or that the was informed of his right to controvert specific allegations in such a statement and to a hearing, in the event of such controversion, on the issue of the correctness of the statement and the constitutionality of the prior conviction. He was sentenced to an indeterminate prison term of two to four years.

In *Parisi* the defendant was indicted for burglary in the third degree and grand larceny in the third degree. He pleaded guilty to the latter charge, in satisfaction of both charges. At his plea hearing the court informed him that it had " a statement of the District Attorney * * * which states that on July 14, 1969, you were convicted of attempted criminally sell-

ing a dangerous drug in the third degree." When asked if that was right, the defendant said, "Yes, sir. I took a plea. I took a plea to an E felony." The record of the sentencing hearing in April, 1974 shows that the Clerk of the court informed the defendant that the District Attorney had filed a statement showing that the defendant had been convicted in 1969 of the crime of attempted criminally selling a dangerous drug in the third degree, advised the defendant that he could controvert that allegation as untrue or on the ground that the previous conviction had been obtained in violation of his rights under the Constitution of the United States, and asked him if he wished to controvert any of the allegations in the statement. The defendant replied, " No."

In *Richman* the defendant was indicted for attempted bribery in the second degree. In March, 1974 he pleaded guilty to attempted bribery, a class E felony, in satisfaction of this indictment and another one. At the plea hearing the court informed him he would be pleading guilty to a class E felony and inquired if a District Attorney's statement with respect to prior felony convictions had been served. The Assistant District Attorney then stated for the record that he was giving copies of a prior felony offender information to the defendant and the court. The defendant's counsel then acknowledged receipt of the prior felony offender statement. The court noted that the statement showed the defendant had been convicted in *1965* in Queens County of grand larceny in the second degree, a felony. The defendant replied, " Yes ", when asked by the court if he admitted conviction of that crime. The court then informed him that by pleading guilty to a class E felony he was subjecting himself to a sentence of 1½ to 3 years, adding, " That is the minimum sentence that I may impose on someone who has previously been convicted of a felony." The following colloquy ensued:

" The Defendant: I have had several zip threes in my life. When I was sentenced I could have gotten probation but I was never really eligible for probation. Under the new law I am not saying you would ever consider probation on my record .

" The Court: I have no choice.

" Defendant: I know that.

"The Court: I must give you a minimum of one and a half to three.

" The Defendant: I know that, but under the circumstances it is a bargain, yes, sir."

At the sentencing hearing in April, 1974 the court stated that the defendant had pleaded guilty to a class E felony and that

the court, as it had promised, was going to give the "least sentence" it could impose, 1½ to 3. Then the clerk stated that the District Attorney had filed an information accusing the defendant of the above-mentioned prior 1965 conviction, a felony, advised the defendant that he could controvert any of the allegations in the information, and asked him if he wished to do so, to which the defendant replied, "No sir, I don't."

In *Waldron* the defendant was indicted for criminal possession of a controlled substance in the fifth and seventh degrees and for resisting arrest. He pleaded guilty to attempted criminal possession of a controlled substance in the sixth degree, in satisfaction of this indictment and several traffic charges. At the plea hearing the court stated on the record: "And I also have what appears to me to be an indication that you have previously been convicted of a felony. Under the provisions of the Penal Law, which became effective on September 1, 1973, *wherein a person has a prior conviction of a felony within a period of ten years*, there can be no disposition of a felony indictment to a charge less than a class E felony. And it is mandatory, the very minimum sentence that may be imposed is a year and a half to three. And I so inform you at this time" (emphasis supplied).[2]

The court then asked the defendant if he had ever been convicted of a criminal offense. The defendant replied, "Yes." The court asked, "And what was the offense?", to which the defendant replied, "Attempted robbery." The court asked, "That was a felony?" The defendant answered, "Yes." The court informed the defendant of his rights and told him also that "the very minimum that you can receive as a second felony offender is one and a half to three years", to which the defendant replied, "Yes." The court then announced that it had agreed to make a commitment that its sentence "would be no more than the mandatory minimum of one and one-half to three." Finally, after questioning the defendant as to his reasons for pleading guilty, the court said: "All right, based upon the statements of the defendant, I find that he understands the

2. The statement of the court evidences its awareness of the fact that the statute (Penal Law, § 70.06, subd. 1, par. [b], cl. [iv]) requires that the predicate felony conviction must have occurred within 10 years, and the subsequent response of the defendant in answer to the court's interrogation makes it quite clear that he was admitting a prior felony conviction which he knew had occurred within that period. In addition, we note that the probation report shows the defendant was previously convicted, on January 29, 1971, in the Supreme Court, Queens County, of the felony of attempted robbery in the second degree.

nature of the charges, the consequences of his plea. He under-stands that he's subjecting himself to a mandatory jail sentence in this case and that the defendant has discussed his constitutional and legal rights with his attorney. He understands that he would be waiving certain constitutional rights.''

It appears, therefore, that the defendant, at least inferentially, admitted to the court that he had a prior conviction of a felony in this State within a period of 10 years and made his plea of guilty with an awareness that his plea would subject him to the mandatory minimum sentence of 1½ to 3 years, which was imposed on him.

The sentencing hearing contains no indication that the defendant was informed of his rights under CPL 400.21 other than a notation in the extract of the clerk's minutes of the proceeding which contains the statement '' Defendant informed re 400.21 CPL.'' Thus there is no indication in the record of either the plea hearing or the sentence hearing, other than the extract of the clerk's minutes of the proceeding,[3] that the statement required by CPL 400.21 was ever served on the defendant or that he had been told of his right to controvert the allegations thereof and to a hearing on such controverted allegations.

THE CONSTITUTIONALITY OF CPL 400.21.

We shall deal with the two constitutional issues in inverse order. The defendants contend that CPL 400.21, which governs the procedure for determining whether a defendant is a second felony offender, is constitutionally defective because it *compels* a defendant faced with the assertion on sentencing that he is a second offender either to controvert that contention or be deemed to have admitted it.

The relevant portion of the section reads:

'' 3. Preliminary examination. The defendant must be given a copy of such statement and the court must ask him whether he wishes to controvert any allegation made therein. If the defendant wishes to controvert any allegation in the statement, he must specify the particular allegation or allegations he wishes to controvert. Uncontroverted allegations in the statement shall be deemed to have been admitted by the defendant.'' The

3. In *People* v. *Welsh* (34 Misc 2d 181, 182), the court, in dealing with a situation factually similar to that involved in *Waldron*, found that the clerk's minutes together with the stenographic minutes precluded the possibility of any misapprehension by the defendant as to the prior convictions of which he was accused and denied a motion to vacate the sentence made on the ground that the provisions of section 1943 of the former Penal Law, the predecessor of section 70.06 of the Penal Law, were not complied with.

defendants contend that, when they are *compelled* to controvert the statement of a prior felony conviction or have it deemed admitted if they remain silent, they are being deprived of their constitutional right to remain silent and their right not to have their silence construed as an admission of the prior conviction. In support of this contention they rely on the provisions of subdivision 2 of CPL 60.15, which are: " A defendant may *testify* in his own behalf, but his failure to do so is not a factor from which any inference unfavorable to him may be drawn" (emphasis supplied).

However, that sentence clearly applies to a situation in which testimony is to be taken such as at a trial or a pretrial hearing, but not to purely procedural steps taken in connection with an arraignment or plea.

The defendants also rely on *People* v. *Reese* (258 N. Y. 89, 102) as authority for their position. However, *Reese* dealt with section 393 of the Code of Criminal Procedure and section 1943 of the former Penal Law, the wording and intent of which are clearly inapplicable here. Section 393 of that code by its very terms applied specifically " in all cases " and section 1943 of the former Penal Law by its very structure showed that the dominant quality in the thought of its framers was that an inquiry to ascertain previous convictions was to be treated as a criminal case. In fact, Chief Judge CARDOZO, speaking of section 1943, said of it in *Reese* (pp. 102–103): " If so it is to be viewed, the incidents of a criminal case must be held to go along with it, including both the privilege to testify and the exemption from adverse presumption in the event of unwillingness to testify. *If the Legislature desires to abrogate that exemption, it must speak with a clearer voice*" (emphasis supplied). In subdivision 3 of CPL 400.21, which we are here construing, it did " speak with a clearer voice " and affirmatively showed its intent, where prior felony convictions were involved, to abrogate the exemption " from [that] adverse presumption in the event of unwillingness to testify " when it said, " Uncontroverted allegations in the statement shall be deemed to have been admitted by the defendant."

The defendants, in relying on *Reese*, also ignore the fact that section 1943 of the former Penal Law, with which *Reese* dealt specifically, provided that if a defendant served with an information accusing him of previous convictions " says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same

person mentioned in the several records as set forth in such information.'' The same statute provided that the defendant must be '' duly cautioned as to his rights '' prior to any acceptance of his acknowledgment or confession in open court that he is the same person mentioned in the information. The adoption by the Legislature of CPL 400.21 with these provisions omitted is a clear manifestation of the legislative intent to eliminate the right of a defendant to stand silent on the issue of the correctness of the prosecutor's statement of previous convictions. Almost as if anticipating the adoption of a statute like CPL 400.21, Chief Judge Cardozo in *Reese* (*supra,* pp. 101–102) said: '' We have no thought in thus holding to intimate a belief that a statute permitting adverse comment in such circumstances would impair the constitutional privilege against self-incrimination (cf. Hiscock, Criminal Law and Procedure in New York, 26 Columbia Law Rev. 259, 260).'' Therefore, cases decided under section 1943 of the former Penal Law upholding the right of a defendant to be warned of his rights and to a jury trial on the issue of prior convictions (*People* v. *Rush,* 20 A D 2d 588) are inapposite.

Nor is there any constitutional authority for the defendants' further contentions that the right to stand silent on the issues of the truth or constitutional validity of a record of previous convictions is protected by the Federal Constitution. The cases cited to sustain the defendants' contention that this right is encompassed within the full panoply of the relevant protections which due process guarantees in State criminal proceedings do not support their views. The three cases cited are *Specht* v. *Patterson* (386 U. S. 605, 610); *Chewning* v. *Cunningham* (368 U. S. 443); *Chandler* v. *Fretag* (348 U. S. 3). *Specht* holds that where a defendant who has been convicted for indecent liberties under a statute which carries a maximum penalty of 10 years is subjected to a new charge and sentencing under a statute (there the Sex Offenders Act of the State of Colorado) which authorizes punishment different from that prescribed for the crime of which he was convicted, due process protects his right to a hearing prior to sentencing under the new charge. *Chewning* and *Chandler* both hold that, where a convicted defendant is to be sentenced under a mulitple offender or recidivist statute, he is entitled to the benefit of counsel if he desires a hearing on the correctness of the record of his prior convictions and on their validity. None of those cases dealt with whether the right to stand silent on the issue of the truth or constitutional validity of prior convictions attributed to a defendant is a right protected by the due process clause.

Thus we find no basis for the defendants' attack on the constitutionality of subdivision 3 of CPL 400.21.

THE CONSTITUTIONALITY, UNDER THE EIGHTH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, OF SECTION 70.06 OF THE PENAL LAW.

In all but the *Kramer* case the defendants contend that the mandatory minimum sentence created by section 70.06 of the Penal Law constitutes such inflexibility in sentencing as to constitute " cruel and unusual punishment " and is therefore barred by the Eighth Amendment to the Federal Constitution. Section 70.06 governs the sentence of imprisonment for second felony offenders. It defines a second felony offender in paragraph (a) of subdivision 1 thereof as follows: " a person who stands convicted of a felony defined in this chapter, other than a class A felony, after having previously been subjected to one or more predicate felony convictions as defined in paragraph (b) of this subdivision." It then lists, in paragraph (b) of subdivision 1 thereof, certain criteria for determining whether a prior conviction is a predicate felony conviction. Relevant for our discussion of the constitutional issues raised in the instant cases is the following clause thereof:

" (i) The conviction must have been in this state of a felony, or in any other jurisdiction of an offense for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized irrespective of whether such sentence was imposed ". Also relevant for our discussion are the contents of subdivision 4 of the section: " Minimum period of imprisonment. The minimum period of imprisonment under an indeterminate sentence for a second felony offender must be fixed by the court at one-half of the maximum term imposed and must be specified in the sentence."

Until recently there had been no appellate court ruling on the question of the effect of the Eighth Amendment provision banning cruel and unusual punishment on mandatory minimum prison sentences, possibly because the provisions of section 70.06 did not go into effect until September 1, 1973. But in *People v. Broadie* (45 A D 2d 649) this court had occasion to deal with the impact of this clause of the Eighth Amendment on another recently enacted statutory provision establishing compulsory minimum sentences, in the context of an attack on the validity under that amendment of the provisions of section 70.00 (subd. 2, par, [a]; subd. 3, par. [a], cl. [iii]) of the Penal Law, which mandate the courts of this State to impose a sentence of

imprisonment for a minimum of one year and a maximum of life for conviction of criminal sale of a controlled substance in the third degree, a class A-III felony.

We concluded in *Broadie* that the statute there under examination prescribing a mandatory term of from one year to life, which clearly is more severe in possible impact than the mandatory terms in section 70.06 here under consideration, did not violate the Eighth Amendment. We did so on the ground that the Legislature's exercise of discretion in determining the punishment there prescribed was not unusually severe (in the constitutional sense) in the light of the ravages of the narcotics problem, that a legislative enactment carries a strong presumption of constitutionality (*Wasmuth* v. *Allen*, 14 N Y 2d 391, 397; *Defiance Milk Prods. Co.* v. *Du Mond*, 309 N. Y. 537, 540–541), that the fact that the sentencing statute was mandatory eliminated the possibility that it is inflicted arbitrarily (*Furman* v. *Georgia*, 408 U. S. 238; *People* v. *Fitzpatrick*, 32 N Y 2d 499, 513, cert. den. 414 U. S. 1050), that mandatory life imprisonment and mandatory minimum terms of varying kinds have long been upheld and are not considered by contemporary society to be either barbaric or torturous (*Weems* v. *United States*, 217 U. S. 349; *United States* v. *Chow*, 398 F. 2d 596; *United States* v. *Ross*, 464 F. 2d 376, cert. den. 410 U. S. 990; *Daut* v. *United States*, 405 F. 2d 312, cert. den. 402 U. S. 945) and that the enactment by the Legislature of a mandatory sentence statute presumes a finding that the penalty serves a valid social purpose which cannot be served as effectively by some less severe punishment (*I.L.F.Y. Co.* v. *Temporary State Housing Rent Comm.*, 10 N Y 2d 263; *Lincoln Bldg. Assoc.* v. *Barr*, 1 N Y 2d 413).

All of the grounds and authorities we cited in *Broadie* apply with equal force to the cases here under consideration. On those grounds we find the defendants' Eighth Amendment contentions here to be without validity.

ALLEGED NONCOMPLIANCE WITH CPL 400.21

Our review of the facts of the six cases here decided shows that in all six cases the defendants were informed in either the plea hearing or the sentencing hearing, or both, that they were second felony offenders and as such would be subject to the minimum sentences prescribed by section 70.06 of the Penal Law, and that each of them admitted that he was the subject of one or more prior felony convictions within the 10-year period specified in the statute. In *Bryant, Mistretta* and *Waldron*, however, there is no indication that the defendants were served

with copies of the statement required under CPL 400.21, containing their records of prior felony convictions. It also appears in some of the six cases, after the admissions by the defendants that they were the persons with prior felony convictions, that the defendants therein were not specifically advised (1) of their right to be served with a statement of their prior felony convictions and to controvert specific allegations in such a statement or (2) that they could have a hearing on the truth of any allegations controverted by them and on whether the prior convictions had been obtained in violation of their constitutional rights and (3) that such of the allegations as they did not controvert would be taken as true. The various briefs of these defendants question the validity of their sentences by reason of such noncompliance with the seemingly mandatory requirements of CPL 400.21. We find that, since all of the defendants in open court with counsel present elected to admit voluntarily that they were the persons named in the prior felony conviction records called to their attention by the court, and did so in the face of advice by the court that it would be mandated, under the provisions of section 70.06 of the Penal Law, to impose on them the specified minimum sentences of imprisonment set forth therein, they thereby waived not only their privileges against self incrimination[4] and their rights under CPL 400.21, but also estopped themselves from attacking the validity of the sentences imposed on them in accordance with the mandate of section 70.06 of the Penal Law. Furthermore, '' there was substantial compliance '' with the statutory requirement (*People* v. *McClain,* 35 N Y 2d 483). (See, also, *People* v. *Carter,* 31 N Y 2d 964.)

District Attorneys and sentencing courts are cautioned, however, that, since CPL 400.21 is mandatory on its face and is easily complied with, attention should be given to its every detail before a defendant is sentenced as a second felony offender. In this way, appeals in such cases may become unnecessary and interpretations of whether in fact the intent of the statute has been carried out will not be required.

We conclude by reiterating that the sentences in all these six cases should be affirmed.

COHALAN, Acting P. J., BRENNAN, BENJAMIN and MUNDER, JJ., concur.

Sentences affirmed.

---

4. That constitutional rights such as this may be waived where there is a knowing and intelligent decision, with full access to counsel by the defendant, has recently been reaffirmed by our Court of Appeals in *People* v. *Esajerre* (35 N Y 2d 463).