■ THE PEOPLE OF THE STATE OF NEW YORK EX REL. CLARENCE PAIGE, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, et al., Respondents.—Appeal unanimously dismissed as moot. Relator was discharged on parole on July 28, 1975. (See *People ex rel. Wilder v Markley,* 26 NY2d 648.) (Appeal from judgment of Cayuga County Court dismissing writ of habeas corpus.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANFORD BRACKETT, Appellant.—Judgment unanimously affirmed. Memorandum: The record demonstrates that defendant knowingly and voluntarily entered a plea of guilty to a reduced charge of attempted possession of a forged instrument, second degree, a Class E felony, in satisfaction of multicount charges of criminal possession of a forged instrument, second degree, and petit larceny. Defendant's statement to the court establishes that no promise as to sentence had been made to him to induce his plea. A foundation for the plea was laid by defendant's admission to the court of the crime charged and the plea was taken after the defendant was advised by the court that he could receive four years in jail for the crime to which he was pleading. (Appeal from judgment of Erie County Court resentencing defendant following conviction of attempted criminal possession of a forged instrument, second degree.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LADEN PRESLEY, Appellant.—Judgment unanimously affirmed. Memorandum: We affirm this judgment convicting defendant as a second felony offender although the trial court during the proceedings before him did not fully comply with the mandatory requirements of CPL 400.21 (subd 3). The record reveals, however, that the required statement was served on defendant. Further, defendant's counsel conceded upon oral argument that the defendant would not controvert that he was the person named therein. The record demonstrates that through the efforts of the court, District Attorney and defense counsel, the defendant fully understood that he would be treated as a second felony offender and the consequences of his guilty plea. The notice served on defendant apprised him of his right to a hearing as to any part of the statement he wished to controvert and advised him that he could make a statement of the grounds upon which this controversy was based or be deemed to have waived his right to such hearing. Under these circumstances defendant was not prejudiced by lack of strict compliance with CPL 400.21 (subd 3) *(People v Bryant,* 47 AD2d 51). (Appeal from judgment of Erie County Court convicting defendant of grand larceny, third degree.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.