■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v J. W. HARDY, Appellant.—Judgment unanimously reversed, motion to withdraw plea granted, and matter remitted to Orleans County Court for further proceedings on the indictment. Memorandum: Defendant was charged with one count of criminally selling a controlled substance, second degree, and one count of criminal sale of a controlled substance, third degree. After jury

selection had started, defendant agreed to plead guilty to two counts of selling in the third degree. At the request of the District Attorney the plea hearing was conducted in the presence of the jury panel and produced defendant's version that, at the urging of two acquaintances (at the sentencing these were identified as undercover police agents) he went from Albion to Rochester and obtained heroin for them. Defendant stated that he pleaded guilty after conferring with counsel and that he was satisfied with his legal representation. He did, however, state that his plea was not voluntary but done upon the advice of counsel. There is no reference in the record to what was said, if anything, as to the possible sentence that he might receive. When the court asked defendant if any promises had been made to him, defendant responded, "Well, they say if I cooperate with the authorities—". Before defendant finished his sentence, the court stated, "You promise to cooperate with the authorities, is that correct?" The court opened the sentencing hearing by instructing defendant on the law of agency (see *People v Lindsey,* 16 AD2d 805, affd 12 NY2d 958; *People v Branch,* 13 AD2d 714) because it "should have mentioned" it at the time of pleading. In view of the subsequent denial of defendant's motion to withdraw his guilty plea, the court's purpose in giving this instruction is not entirely clear. Defendant then moved to withdraw his plea, stating that he was innocent, that he acted only as an agent of the buyers, that he had been "rushed" to plead and that he had pleaded guilty not voluntarily or understandingly but upon the "advice" of counsel (see *People v Bowers,* 45 AD2d 241, 243–244; and cf. *People v Dixon,* 29 NY2d 55) and without understanding the possible sentence. He stated that at the time of pleading his wife was in the hospital undergoing serious kidney surgery. His counsel stated that he had explained the penalty that could be imposed by the court but "I don't know that it was explained clear enough." The lawyer then urged the court to put defendant on probation. Defendant was a migrant worker who had come to the Albion area about 12 years earlier. He was married with a child, steadily employed by Lipton Company, owned his own home and had no prior arrests or convictions. The permissible mandatory minimum sentence on each count was one to eight and one-third years. The court sentenced defendant to concurrent terms of imprisonment having a mandatory minimum of eight and one-third years and a maximum of life, precisely the maximum sentence that defendant could have received if found guilty as charged after trial and without his promise to co-operate with the authorities. While no set formula is mandated in taking a plea of guilty, the court must take care before doing so to determine that defendant has in fact committed a crime and that he appreciates the consequences of his plea and the possible penal sanctions which may be imposed upon him as a result *(People v Nixon,* 21 NY2d 338, 345; *People v Woods,* 50 AD2d 720). This is particularly so in cases such as this where the court contemplates the maximum sentence possible after trial and when the sentence is severe. The "bargain" then becomes little more than an occasion whereby defendant throws himself on the mercy of the court and he should do so only with a full appreciation of the court's intentions. (Appeal from judgment of Orleans County Court convicting defendant of criminal sale of controlled substance, third degree.) Present—Moule, J. P., Cardamone, Simons, Goldman and Witmer, JJ.