■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL C. HODGE, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 2, 1975, upon a verdict convicting defendant of the crime of grand larceny in the second degree. At approximately 10:30 P.M. on the night in question an employee of the Shopwell Market discovered the defendant crouched at the top of the steps of the store's business office with the store's night deposit bags in his hand. Defendant jumped down the steps, pushed the employee aside and ran, dropping the money bags on the way. He was grabbed by employees and held for the police. The five night deposit bags in question contained a total of $8,472, with two of the five bags containing less than $1,500 each. On this appeal from his conviction the defendant raises three points. The defendant states that he served a pretrial demand on the District Attorney's office for notice of oral statements to police officers and made a pretrial motion for the suppression of such evidence. The District Attorney, in a reply affidavit, responded that no statements had been made to any police officers and, accordingly, that the motion for suppression of such oral statements was moot. At the trial, a police officer who arrived at the supermarket in response to a call from police, was asked by the prosecutor to relate what happened upon his entering the supermarket. The police officer responded "the subject stated". At that point, the officer's testimony was interrupted by both the prosecutor and the court and no further testimony was sought or given as to any oral conversation. The record indicates there was no attempt by the prosecutor to elicit any testimony regarding an oral statement, nor, in fact, was any oral statement of the defendant admitted into evidence. On the contrary, the court was very diligent in protecting the record to see that no oral statements were admitted into evidence. No error was committed in this regard. The contention of the defendant that the verdict of guilty of grand larceny in the second degree was against the weight of the evidence is without merit. There is ample testimony in the record that the defendant was seen in possession of the five night deposit bags and that the total cash in those bags exceeded $8,000. The fact that there was some testimony that at one point the defendant only had one bag, which possibly contained less than $1,500, simply raises a question of fact for the jury. Finally, defendant alleges that his sentencing as a second felony offender without a hearing mandates resentencing. At the time of the sentencing, the District Attorney filed a special information charging that the defendant had previously been convicted of a felony. The court interpreted the defendant's colloquy in regard to the special information as a denial of the facts alleged and thereupon the District Attorney submitted a certified copy of the record of conviction. The court then discussed the record of conviction and the time served and asked the defendant if those facts recalled the conviction to him.

The defendant replied "that's all right". While the answer is somewhat ambiguous, it is significant that the defendant, represented by an attorney, made no objection and engaged in no further colloquy in regard to the sentencing of the defendant as a second offender. The uncontroverted allegations in the special information were sufficient to support a finding that the defendant had been subject to a predicate felony conviction and no further hearing was required (Penal Law, § 70.06; CPL 400.21). Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.