■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTO GONZALES, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's only contention on this appeal is that his sentence is invalid because the court failed to comply with CPL 400.21 (subds 3, 7, par [b]), to wit, to advise him before sentencing as a second felony offender that he had the right to controvert the validity of his predicate felonies. On pleading guilty defendant expressly acknowledged his present incarceration under a sentence in Erie County, dated March 14, 1974, by Judge Colucci for 5 to 15 years, and the court called to the defendant's attention that the District Attorney had served on defendant and his attorney, and filed, a notice that defendant had been convicted on January 21, 1970 of robbery second and was subject to sentencing as a second felony offender, that he had a right to controvert that he had been so convicted and the validity thereof; that if he failed to controvert such conviction, he waived the right to do so; but that if he did controvert it, the court would hold a hearing in which the District Attorney could present evidence to prove that defendant has a previous felony conviction. The court questioned defendant in particular about the facts of the current crime and warned him that upon his plea of guilty he could be sentenced up to seven years. The court stated that if defendant pled guilty, it would sentence him to a term to run concurrently with the sentences which he was then serving. Defendant was at all times represented by an attorney, and after consulting with his attorney he pled guilty to possession of a dangerous weapon, a D felony. When the court sentenced him to two to four years, defendant's attorney thanked the court for its consideration. At no time did defendant request leave to withdraw his plea of guilty, and although he was incarcerated for prior felony convictions, he made no claim that he was improperly confined nor did he request a hearing. Clearly, the court erred in failing to give the explicit notice required by CPL 400.21; and we remind the trial bench that there should be strict compliance with its requirements (*People v Woods*, 50 AD2d 720; and see *People v Bryant*, 47 AD2d 51, 63). Nevertheless, in this case defendant was not prejudiced by the failure of the court to comply strictly with that section, and it would not serve the interest of justice to reverse the judgment and remand for resentencing. The record shows that defendant knew his rights and was satisfied that he had no basis for challenging his predicate convictions. Upon the facts of this case, therefore, the judgment should be affirmed (see *People v McClain*, 35 NY2d 483; *People v Hodge, 52 AD2d 673; People ex rel. Ryan v Smith*, 50 AD2d 1078; *People v Presley,* 49 AD2d 804; *People v Bryant, supra*). (Appeal from judgment of Erie County

Court—possession of weapon.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.