■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD ORR, Appellant.—Judgment, Supreme Court, New York County, rendered October 15, 1975, convicting defendant after jury trial of robbery, first and third degrees, and criminal possession of a weapon, fourth degree, unanimously modified, on the law, to dismiss the weapon count, and otherwise affirmed. On the facts of this case, the defendant could not have committed the robbery, first degree, without possessing the weapon. Where the verdict is comprised of inclusory concurrent counts, a verdict of guilty on the greater is deemed a dismissal of the lesser count. (People v Blake, 58 AD2d 757; People v Buchanan, 57 AD2d 781; People v Diaz, 56 AD2d 557.) We have examined the other points raised by appellant and find them without merit. Concur—Silverman, J. P. Evans, Capozzoli and Lynch, JJ.

## (September 27, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BOOKER, Appellant.—Judgment, Supreme Court, Bronx County, rendered December 3, 1975, convicting defendant of robbery, first degree, and sentencing him to four and one-half to nine years as a predicate felon, unanimously reversed, on the law, to the extent of vacating the sentence and remanding for resentence in compliance with CPL 400.21. On the date set for sentencing, a predicate felony statement was filed with the court and a copy given to the defendant. The court then denied an adjournment sought by the defendant to enable him to controvert the statement on constitutional grounds. CPL 400.21 (subd 6) commands at least a two-day adjournment when requested after the defendant's receipt of the statement. Substantial compliance with the section has been found when the defendant, although not physically in receipt of the statement, has had adequate and timely notice of it (see People v Bryant, 47 AD2d 51). But this defendant knew only that there was a possibility that a predicate felony statement might be filed against him and had reasonable grounds for believing that one might not be filed. On this record we cannot determine that the denial of the adjournment did not prejudice the defendant (cf. People v Presley, 49 AD2d 804). Concur—Murphy, P. J., Birns, Markewich and Lynch, JJ.