OPINION OF THE COURT
William D. Friedmann, J.
Defendant pleaded guilty to the crime of criminal possession of a weapon in the third degree (Penal Law, § 265.02 [a class D violent felony]). During the allocution as part of the plea, defendant admitted to a prior felony conviction of attempted robbery in the second degree (Penal Law, § 160.10 [a class D violent felony]).
“The court: All right. Do you admit to being a predicate felon and second violent felony offender?
“The defendant: Yes.
“The court: Were you previously convicted of a felony under Indictment number 150/1980?
“The defendant: Yes.”
Defendant’s plea would not have been accepted by the court and entered without the admission as to the underlying predicate felony conviction. The acceptance and the promise regarding sentence were further made upon the understanding that defendant, who was on R.O.R. (released on his own recognizance), would return to court for sentence and that any commitment as to sentence would be withdrawn, and increased sentence or bail jumping charges would result from a failure to appear.
*296 Thereafter, a predicate felony statement was filed, as required by the District Attorney of Queens County (CPL 400.21, subd 2) confirming defendant’s admission and indicating that defendant must be sentenced as a second felony offender, pursuant to section 70.06 of the Penal Law.
When defendant, who was on R.O.R., failed to appear for sentencing, a bench warrant (CPL 1.20, 530.70) was issued for his arrest, with its execution stayed for a period of five days. After five days, defendant again failed to appear. His counsel, who appeared on both occasions, stated: “and when I was here on February 22nd, I spoke to a member of his family. I believe it was his grandmother who informed me that she had given him money to come down to court, and the court knows he did not show up that day. The court put the case over for today. Over the weekend, my office sent out a mail-o-gram to his home and this morning I spoke to his grandmother and she said that other than having given him money on the 22nd to come to court, she has not seen him and she could not inform me of his whereabouts. I believe that I have done every possible thing to get in touch with him and to inform him of the date. I also spoke to another member — a friend of the family — who was in the apartment on the 22nd, and he said that he would tell the defendant about the 27th. That is as much as I believe.”
The stayed bench warrant was then unconditionally issued and sentence followed as defendant had admitted in open court, with counsel present at the allocution, that he was a predicate felon. The court considered this admission, in the context of the detailed plea inquiry, to be a waiver of defendant’s rights under the statute relating to proceedings to determine if a defendant is a second offender (CPL 400.21). After subsequent inquiry at sentence, which this court considered to constitute substantial compliance with the objectives of CPL 400.21, the defendant was sentenced, in absentia, as a second felony offender, pursuant to section 70.06 of the Penal Law.
The District Attorney supported such action, while defendant’s counsel noted her objection as to the sentencing in absentia, but raised no objection to the felony statement of the District Attorney (CPL 400.21, subd 2) or the court’s predicate felony finding (CPL 400.21, subd 4).
*297 Defendant’s sentence was to an indeterminate period of not less than three years, nor more than six years. The original promise of two and one-half years to five years was not honored, as per the warning given by the court, at the allocution and acceptance by the court of the plea, that all commitments regarding sentence would be off, if defendant did not appear for sentence. At the time of sentence, a violation of probation was also pending. The court was unable to proceed on that charge since the defendant had not been arraigned on the charge of violation of probation and a bench warrant was ordered by the court, that matter to be considered by this court at a future date.
APPLICABLE LAW
Following a properly accepted plea of guilty, defendant need not be present for his sentencing when he has absconded. CPL 380.40 (subd 1) mandates that a defendant be present at the time of sentence. However, under CPL 380.40 (subd 2), this right may be expressly waived, or waived by defendant’s action, such as his absconding or his conducting himself in the courtroom as to make his appearance undesirable (People v Colon, 89 AD2d 552; People v Stroman, 36 NY2d 939; Matter of Root v Kapelman, 67 AD2d 131).
Defendant may, at his sentencing, be sentenced in absentia, as a second felony offender, pursuant to section 70.06 of the Penal Law, when he waives his rights under CPL 400.21 (which governs procedure for determining whether defendant is a second felony offender) by voluntarily admitting in open court, with counsel present, that he is a prior felony offender, as reflected on conviction records called to his attention by the court (People ex rel. Colon v Reid, 70 AD2d 893; People v Bryant, 47 AD2d 51).
Further, when said admission is made in the context of clear and correct advice as to the consequences of being a second felony offender, upon the acceptance of the plea, and further inquiry upon sentence, confirms the District Attorney’s second felony offender statement (CPL 400.21, subd 2), this constitutes substantial compliance with the statute (CPL 400.21), relating to proceedings to determine if a defendant is a second offender (People v Bryant, supra).