■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIMBERLY BRYANT, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), entered January 4, 1990, (1) convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree, and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

A two-count indictment was filed on August 30, 1989 charging defendant, in each count, with criminal sale of a controlled substance in the third degree. On December 4, 1989, defendant appeared in County Court and pleaded guilty to the reduced charge of criminal sale of a controlled substance in the fourth degree in full satisfaction of the indictment. She was advised at that time by the court that the District Attorney would recommend at sentencing that she receive a prison sentence of 3½ to 7 years, to which her assigned

counsel agreed. Defendant acknowledged that she understood that such would be the recommendation. It was also agreed that she would plead guilty to a violation of probation charge and that the sentence on that plea would run concurrently. On the day of sentencing, in accordance with CPL 400.21 (2), the People filed a statement alleging that defendant was the subject of a predicate felony conviction. County Court then inquired of defendant if it was a fact that she had previously been convicted of a felony on March 24, 1989 and she admitted that she had. She was then sentenced to the agreed-upon term of imprisonment of 3½ to 7 years. She was also sentenced to a concurrent prison term of 1 to 3 years on the probation violation. On this appeal, defendant contends that County Court erred in failing to advise her that she was subject to mandatory sentencing as a second felony offender. We agree.

Initially, we observe that defendant failed to preserve the issue in question by not moving to withdraw her plea or to vacate her judgment of conviction. However, since the procedure challenged is on the face of the record, we will review the matter in the interest of justice *(see, People v Di Paola,* 143 AD2d 487).

A review of the record fails to demonstrate that defendant knew or was informed that she was subject to second felony offender treatment and was thereby subject to a mandatory prison sentence *(see,* Penal Law § 70.06). At the time the plea was taken, the sentence to be imposed on the drug charge was described only as a recommendation. Having been convicted by plea on prior occasions and, in each instance, sentenced to probation, defendant may have erroneously assumed, albeit unrealistically, that County Court might once again sentence her to probation or something substantially less than the recommendation. This case is in contrast to *People v Harris* (61 NY2d 9), where the defendant not only admitted his previous felony conviction but also acknowledged that he was subject to sentencing as a second felony offender, and *People v Bouyea* (64 NY2d 1140), where the defendant was apprised of and admitted the essence of his prior felony conviction at the time of his plea and raised no challenge to the court's consideration of the prior conviction then or at the time of sentencing a month later.

While the courts have not developed any catechistic mandate with regard to a plea allocution, it is incumbent upon a trial court to ascertain that a plea is knowingly and voluntarily made *(see, People v Nixon,* 21 NY2d 338). Such considera-

tions encompass the proposition that the defendant understands the possible penal sanctions to which he or she is subject *(see, People v Woods,* 50 AD2d 720). With that in mind, we believe that County Court, in the case at bar, should have been alerted to the fact that the recommended sentence was the result of second felony offender status and should have advised defendant that she would thereby be subject to mandatory imprisonment with a mandatory minimum term of at least three years in order to ensure that her plea was voluntary in the sense that she understood the penal sanctions to which she was subject by reason of that conviction *(see, People v Topping,* 74 AD2d 703; *People v Woods, supra).* At the very least, given that the second felony offender statement was filed on the very day of sentencing, we believe that defendant should have been advised of her right to controvert the statement in accordance with CPL 400.21 (3) *(see, People v Bryant,* 47 AD2d 51). Accordingly, the conviction must be reversed and defendant given the opportunity to apply to County Court to withdraw her plea or to controvert the predicate conviction if she so chooses and is able. This applies as well to the violation of probation charge.

Weiss, P. J., Mikoll and Yesawich Jr., JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, indictment and violation of probation charge reinstated and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this court's decision.