■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NIKITA BRYANT, Appellant. [693 NYS2d 246] —Yesawich Jr., J. Appeal from a judgment of the County Court of Sullivan County (Ledina, J.), rendered September 15, 1997, which revoked defendant's probation and imposed a term of imprisonment.

Defendant was sentenced to five years' probation following her plea of guilty to the crime of criminal possession of a controlled substance in the fifth degree. Defendant subsequently pleaded guilty to violating the terms of her probation by not reporting to her probation officer as required, resulting in the revocation of her probation and the imposition of a prison term of 1 to 3 years. She appeals, contending, *inter alia*, that her plea to the violation of probation was not knowing, voluntary and intelligent.

Although defendant's challenge to the voluntariness of her plea is unpreserved as a consequence of her not moving to vacate the judgment of conviction or withdraw her plea of guilty, we nevertheless choose to review the issue in the interest of justice (*see, People v Bryant*, 180 AD2d 874, 875). While there is no "catechistic mandate with regard to a plea allocution, it is incumbent upon a trial court to ascertain that a plea is knowingly and voluntarily made" (*id.*, at 875; *see, People v Nixon*, 21 NY2d 338, *cert denied sub nom. Robinson v New York*, 393 US 1067). A review of the record reveals that the plea colloquy consisted only of defendant's evasive admission that she failed to report to her probation officer. County Court neither informed defendant of the consequences of her plea nor inquired as to whether defendant was entering the plea knowingly and voluntarily (*compare, People v Murphy*, 142 AD2d 776). Because the record fails to reflect that defendant entered a knowing and voluntary plea of guilty to the violation of probation charge (*see generally, People v Osgood*, 254 AD2d 571; *People v Bryant, supra*), the judgment of conviction must be reversed.

Cardona, P. J., Mercure, Crew III and Graffeo, JJ., concur. Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, guilty plea vacated and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.