■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MILLARD, Appellant. [718 NYS2d 904] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Turner, J.), rendered June 14, 1995, which revoked defendant's probation and imposed a sentence of imprisonment.

In March 1994, defendant was convicted upon his plea of guilty of robbery in the third degree and sentenced to six months of incarceration and five years' probation. In January 1995, defendant was arrested and charged with robbery in the first and third degrees stemming from two incidents in Rensselaer County. In February 1995, defendant was arraigned on charges of violating numerous conditions of his probation and he thereafter entered a plea of guilty to the violation. Pursuant to the plea agreement, defendant was sentenced to an indeterminate prison term of 1 to 3 years to run consecutively with the sentence imposed in Rensselaer County. Defendant appeals, contending that his plea was not knowingly and voluntarily made and that the sentence is harsh and excessive.

Having failed to move either to withdraw the plea or to vacate the judgment, defendant has not preserved the question of the voluntariness of the plea for our review (*see, People v Bryant*, 180 AD2d 874, 875). In any event, the record does not provide any support for defendant's claims that he believed the sentence imposed pursuant to the plea agreement was to be concurrent with any other sentence or that County Court's inquiry was insufficient to demonstrate the knowing and voluntary nature of the plea. Accordingly, there is no basis for this Court to exercise its authority to review the unpreserved issue in the interest of justice (*cf., People v Bryant*, 262 AD2d 791). We also reject defendant's contention that his sentence was harsh and excessive. Notably, the sentence is within the statutory guidelines for the crime upon which the probation was imposed. In addition to defendant's criminal history as revealed by the record, defendant concedes in his brief that, shortly before the plea herein, he entered a plea of guilty in Rensselaer County to the crimes of attempted robbery in the first and third degrees. Considering defendant's inability to abide by the terms of his probation, in particular to refrain from engaging in criminal activity, we see no abuse of discretion in either the term of the sentence or the fact that it is consecutive.

Peters, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.