■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT SUIB, Appellant. [734 NYS2d 516] —Appeal from a judgment of the County Court of Ulster County (Czajka, J.), rendered March 24, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to the crimes of grand larceny in the third degree and perjury in the first degree based upon his admissions that he had deposited the proceeds of a third-party's

fire insurance policy into his personal bank account. He was sentenced in April 1999 to a term of five years' probation and was directed to pay the sum of $7,500 in restitution. In January 2000, defendant was brought before County Court on a declaration of delinquency petition wherein it was alleged, *inter alia*, that defendant had violated the condition of his probation that prohibited him from working in a business or occupation involving the solicitation or handling of money, i.e., defendant had worked for a public insurance claims adjuster, misrepresenting to his employer's clients that he was himself a public insurance claims adjuster. In this guise and using a false name, defendant had obtained a total of $2,275 from an elderly woman whose house had been damaged by fire. A trial ensued before County Court, following which defendant was found guilty of the crime of violating a condition of his probation. His probation was revoked and he was resentenced on his convictions of the crimes of grand larceny in the third degree and perjury in the first degree to concurrent prison terms of 2⅓ to 7 years.

We reject defendant's contention that the prison sentence imposed by County Court was harsh and excessive, citing in particular his poor state of health and that of his wife. Defendant has amply demonstrated his inability or unwillingness to comply with the terms of his probation despite County Court's admonishment when he was initially sentenced to probation that violation of any of the probationary conditions would subject him to the maximum prison term of 2⅓ to 7 years. Under the circumstances presented here, the sentence was appropriate and we find no reason to disturb it (*see, People v Medinilla*, 279 AD2d 891, *lv denied* 96 NY2d 803; *People v Millard*, 279 AD2d 807, 808, *lv denied* 96 NY2d 803).

Crew III, J. P., Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.