*965
 

 Per Curiam.
 

 Since the record amply demonstrates the fact that the defendant was addicted and that the sentencing court considered his request for treatment, strict and literal compliance with sections 207 and 208 of the Mental Hygiene Law was unnecessary. (See
 
 People
 
 v. Gordian, 39 A D 2d 861; cf.
 
 People
 
 v.
 
 Crafton,
 
 31 N Y 2d 828.) As the Appellate Division declared in the
 
 Gordian
 
 case (39 A D 2d 861,
 
 supra), “
 
 [t]he only purpose of the examination is to determine whether or not the defendant is an addict. If the court has determined that despite that fact a sentence to a penal institution is called for, there is no necessity for an examination. It would appear that the only instances where a report would be of any assistance to the court is where the court is in doubt as to whether the defendant is an addict and would commit him to the Commissioner if he were, and where the court has in mind suspending sentence. Absent both of these considerations, it is beyond cavil that the defendant is not prejudiced by the failure to order an examination. ’ ’
 

 The order appealed from should be reversed and the judgment of the Supreme Court, New York County, reinstated.
 

 Chief Judge Fuld and Judges Burke, Jasen, Gabrielli, Jones and Wachtler concur in
 
 Per Curiam
 
 opinion; Judge Breitel taking no part.
 

 Order reversed, etc.