■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLARENCE SMITH, Appellant.— Judgment unanimously affirmed. Memorandum: Following defendant's arrest on December 16, 1970 he was indicted by the Monroe County Grand Jury in January, 1971. He moved in Monroe County Court for a contravention and suppression hearing and requested that the contravention hearing be heard by the City Court of Rochester which had issued the search warrant, but reserved his right to move for suppression in County Court. The contravention motion was argued in the City Court of Rochester and denied by it on June 22, 1971. Thereafter, the defendant moved in County Court for severance which was denied in October, 1971, and the defendant later pleaded guilty on November 9, 1971 to a reduced charge and was sentenced December 28, 1971. On appeal he raises the denial of his motion for a severance and questions the propriety of the procedure followed by the County Court on the contravention and suppression motion. We find no merit to either conten-

tion. With respect to the denial of his motion for a severance, such a motion for a separate trial was a matter of discretion for the trial court at the time the defendant made his motion (Code Crim. Pro., § 391). The defendant's subsequent guilty plea to a reduced charge constituted a waiver of all non-jurisdictional defects (*People* v. *Lynn*, 28 N Y 2d 196, 201). By his plea the defendant waived his right to a jury trial and at the same time evinced his intention not to litigate further the denial of his request for a separate trial. With respect to the propriety of the procedure followed by the County Court, we note that this was requested by the defendant's attorney and was, in any event, the proper procedure to be followed. The contravention hearing may properly be heard and determined by the Judge or Magistrate who issued it (Code Crim. Pro., § 807; *People* v. *Gatti*, 16 N Y 2d 251, 254). The motion to suppress, of course, must be heard in and determined by the court where the defendant is to be tried (Code Crim. Pro., §§ 813-c, 813-e; CPL 710.40, 710.50; *People* v. *Gatti*, 16 N Y 2d 251, *supra*; *People* v. *Kelly*, 40 A D 2d 624). A defendant's plea of guilty does not defeat his right to appeal the denial of his motion to suppress (Code Crim. Pro., § 813-c; *People* v. *Williams*, 40 A D 2d 586). However, where the defendant does not make such a motion either before or during the course of the criminal action he waives his right to a judicial determination of any such contention (Code Crim. Pro., § 813-d, subd. 4; CPL 710.70, subd. 3). (Appeal from judgment of Monroe County Court, convicting defendant of criminal possession of a dangerous drug, sixth degree.) Present — Goldman, P. J., Marsh, Cardamone, Simons and Henry, JJ.