■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUNO ESTEVES, Appellant.—Judgment, Supreme Court, New York County, rendered on November 2, 1973, convicting defendant on his plea of guilty of rape in the first degree (Penal Law, § 130.35), robbery in the first degree (Penal Law, § 160.15) and other charges and sentencing him to two concurrent terms of imprisonment of 6 to 18 years on the rape and robbery charges, is affirmed. The crime to which defendant pleaded guilty involved burglarizing an apartment and while there, under threat of a knife, having intercourse with a married woman in the presence of her 10-year-old child. In connection with this sentencing, the court also took into consideration another pending indictment against the defendant involving a substantially similar crime including burglary and knife-point rape of another woman, this time in the presence of her two children. In one of the cases, he is said to have threatened the child with a knife if the woman did not submit. In addition, he has had previous criminal involvements. Section 70.00 (subd 3, par [b]) of the Penal Law requires that where the sentence is for a class B, C or D felony, if the court fixes a minimum period of imprisonment, "the court shall set forth in the record the reasons for its action". The court in this case clearly did not comply with this requirement. The District Attorney consents that the matter should be remitted to the Supreme Court, New York County, for resentencing in compliance with section 70.00 (subd 3, par [b]) of the Penal Law. The defendant's attorney, apparently realizing the futility of this, does not request this relief, but requests that the minimum term be stricken. The reasons for setting a minimum term in this case are so plain that we think it would be a futile and pointless act to send the case back to the Criminal Term where the sentencing Judge would state what we just said and impose the same term and the case would be back here again. In these circumstances, we think we may overlook the failure of the court to make the necessary statement on sentencing. (Cf. *People v Carter,* 31 NY2d 964.) We do not agree with defendant-appellant's contention that the sentence is excessive. Concur—Kupferman, J. P., Lupiano and Silverman, JJ.; Murphy and Yesawich, JJ., dissent in the following memorandum: Since the court failed to set forth in the record its reasons for imposing a minimum period of imprisonment, as mandated by section 70.00 (subd 3, par [b]) of the Penal Law, we would modify the judgment, on the law, by vacating the sentence and remanding the case to the Supreme Court, New York County, for resentencing in compliance therewith. It is mandatory that a court state its reasons for the minimum as a method of explaining the sentence to the public, the offender and the parole board. It is noteworthy that the District

Attorney agrees that this necessary element in the sentence has not been complied with and recommends resentence.