### (November 15, 1976)

■ In the Matter of PETER BORZILLERI, Appellant, v JAMES P. MELTON, as Commissioner of the Department of Motor Vehicles, State of New York, Respondent.—Motion for stay of order of revocation dated November 24, 1975 denied, without costs. Appeal from determination of Motor Vehicle Administrative Review Board dismissed, *sua sponte,* on ground no appeal lies to this court from such a determination (Vehicle and Traffic Law, §§ 228, 260, 263). Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.

### (November 18, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND HENRY GEMMILL, Appellant.—Appeal from a judgment of the County Court, St. Lawrence County, rendered May 5, 1975, convicting defendant upon his plea of guilty to the crime of robbery in the second degree. We find advanced no basis to disturb the judgment appealed from. Defendant's plea of guilty vitiated any question as to the sufficiency of the Grand Jury minutes *(People v O'Neal,* 44 AD2d 830). We find no merit in defendant's additional contentions. Judgment affirmed. Mahoney, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALBERT A. POOLE, Appellant, v COMMISSIONER, DEPARTMENT OF CORRECTIONS, STATE OF NEW YORK, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 21, 1975 in Albany County, which dismissed a writ of habeas corpus, without a hearing. Petitioner is an inmate of the Georgia State Prison following his conviction in that State of a burglary committed on April 15, 1973. His maximum term will expire on May 15, 1981. He had previously been convicted in Queens County, New York, in December, 1967 and was paroled in October, 1972 and permitted to reside in Georgia under the supervision of the State of Georgia parole authorities. As a result of the conviction in Georgia, New York State filed a parole violation warrant with Georgia in July, 1973. Petitioner was declared delinquent as of April 15, 1973, the date of the offense for which he received the Georgia sentence. He has neither received notice of the specific charges of the alleged parole violation, nor a final parole revocation hearing. Special Term properly held that petitioner's application is insufficient upon its face (CPLR 7002, subd [c]; *People ex rel. White v Casscles,* 46 AD2d 933). We also agree that under the circumstances herein petitioner is not entitled to a prompt revocation hearing. The basis of revocation is petitioner's conviction in the State of Georgia. He has not demonstrated any prejudice resulting from delaying the parole revocation hearing until the intervening sentence is served or until petitioner is released on parole by the State of Georgia. Any disadvantage which it is claimed might result from such deferral does not constitute a denial of due process *(Moody v Daggett,* 429 US 78; *People ex rel. Cordrey v Department of Correctional Servs.,* 54 AD2d 1035; *Matter of Burke v Ward,* 53 AD2d 748, mot for lv to app den 40 NY2d 801, and cases cited therein; *Matter of Mullins v State Bd. of Parole,* 43 AD2d 382, app dsmd as moot 35 NY2d 992). Judgment affirmed, without costs. Koreman, P. J., Greenblott, Mahoney and Reynolds, JJ., concur; Sweeney, J., concurs in the result only.