■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD F. CORDREY, Appellant, v STATE OF NEW YORK, DEPARTMENT OF CORRECTIONAL SERVICES, BOARD OF PAROLE, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered January 19, 1976 in Albany County, which dismissed a petition for a writ of habeas corpus, without a hearing. Petitioner is an inmate of the United States Penitentiary at Lewisburg, Pennsylvania, following his conviction in the United States District Court for the District of Oregon for violation of the National Motor Vehicle Transportation Act on December 23, 1974. He was convicted in Rensselaer County Court for robbery in August, 1967 and sentenced to an indeterminate sentence of seven years. After his release on parole on September 21, 1972, on May 18, 1973 he was declared delinquent for absconding from parole supervision in Delaware. Following his Oregon arrest, respondent issued a parole violation warrant detainer which was lodged against petitioner at Lewisburg on February 25, 1975. On August 7, 1975, petitioner applied to Special Term for a writ of habeas corpus or, pursuant to article 78 of the CPLR, for "vacatur of the parole warrant with prejudice", based on respondent's failure to afford him notice of his parole violation and a parole revocation hearing. Special Term dismissed the petition relying on the fact that petitioner is now serving a sentence of imprisonment following conviction for a new offense. In an identical case, *Matter of Mullins v State Bd. of Parole* (43 AD2d 382, app dsmd as moot 35 NY2d 992), we have held that the decision of the United States Supreme Court in *Morrissey v Brewer* (408 US 471) does not require a prompt revocation hearing where a parolee is serving a sentence for conviction of a crime while on parole *(Moody v Daggett,* 429 US 78). We said *"Morrissey* emphasized that the full panoply of due process rights attaching to criminal

prosecutions was not meant to be applied to the parole process * * * the minimally acceptable due process rights for parolees announced in *Morrissey* sprung from factual situations in which the alleged delinquencies consisted of such items as operating an automobile without permission, failing to remain employed and like matters. Indeed, the court expressly stated that a parolee could not 'relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime' " (408 US 471, 490, *supra*). *(Matter of Mullins v State Bd. of Parole, supra*, p 383; see, also, *People ex rel. Poole v Department of Corrections*, 54 AD2d 1034.) In *Cook v United States Attorney General* (488 F2d 667, cert den 419 US 846) the Federal court also determined that the due process requirements of *Morrissey* do not apply to a parolee whose revocation hearing is delayed pending service of a sentence for a crime which resulted in the parole violation. The court pointed out that the Supreme Court expressly observed in *Morrissey* that a parolee cannot relitigate issues determined against him in other forums such as a revocation based on conviction of another crime. We further note that petitioner offers no reasons why his conviction was not in itself sufficient reason to justify revocation of his parole. We reject petitioner's contention that an alleged loss of eligibility for community furlough is a serious deprivation of liberty under constitutional standards of due process. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.