THIRD DEPARTMENT, DECEMBER, 1978

(December 7, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMERY MOORE, Appellant.—Appeal from a judgment of the County Court of Schenectady County, rendered November 29, 1976, upon a verdict convicting defendant of the crimes of rape in the first degree and rape in the second degree. The record establishes beyond any doubt that the adult defendant engaged in sexual intercourse with a 12-year-old girl. While some questions are raised on appeal as to possible error in regard to the admission of certain items of evidence other than a confession, there is no such error as would have been prejudicial to the defendant on the issue of guilt or that procedurally impinged upon his fundamental right to a fair trial. Further, the charge of the trial court is not infected with any error and was fair and impartial. The record was such that a jury could find the defendant guilty of forcible compulsion in the accomplishment of the sexual intercourse and,

therefore, guilty of rape in the first degree (Penal Law, § 130.35), as well as rape in the second degree (Penal Law, § 130.30). The defendant contends that the trial court erred in its pretrial ruling that an oral statement made by him soon after he was arrested and brought to the Schenectady Police Station was voluntarily given. The precise error alleged is the failure to advise the defendant of his *Miranda* rights prior to his interrogation. At the pretrial hearing and again at the trial, police officers testified that prior to the oral admission at issue, the defendant was orally advised of his *Miranda* rights and signed a written waiver of such rights. The defendant testified at the suppression hearing and at the trial that he was advised of his right to remain silent and his right to an attorney and signed the written waiver of such rights only *after* he had given the oral admission. The testimony of the police officers and the defendant raised issues of credibility for the Trial Judge and the jury. As bearing upon credibility, the written waiver upon its face shows the time at which it was presented to the defendant was 7:30 P.M. and the time his signature was witnessed was 7:33 P.M. of the day of arrest. As noted hereinabove, the police officers were positive that the written waiver was presented to the defendant and signed by him prior to his making the oral admission. Further, the defendant and the witnesses agreed that it was after the oral admission that the defendant first asked for an attorney. At the pretrial hearing, the officers testified that they had first come into contact with the defendant at sometime between 6:00 and 7:00 P.M. on the day of his arrest and spent from 20 minutes to one-half hour with him during which time he made the oral admission. The defendant at the pretrial hearing testified that he was brought to the Schenectady Police Station at 6:30 P.M. and that he was there for 45 minutes to an hour before the oral admission was completed. The trial court although recognizing the conflict between the testimony that the defendant was advised of his *Miranda* rights prior to the oral admission and the time noted on the waiver of rights form found that such conflict was not sufficient to create a reasonable doubt as to the proper advice having been timely given to the defendant. In particular, the trial court assigned the discrepancy to inattentiveness on the part of the police officers in properly entering the time on the document. At the trial, police officers testified that the defendant was booked at the Schenectady Police Station following the making of the oral admission and was then taken to the Scotia Station where he was also booked. However, one of the officers present at the interrogation testified further that the defendant was "booked" at 7:34 P.M. which is obviously only one minute after the waiver of rights form was noted as signed. Further, there was testimony at trial that the oral admission was given in the space of about a minute or 90 seconds. There was also testimony that the defendant had in fact been "booked" upon his arrival at the Schenectady Police Station and not at the time of his departure. Issues of credibility are for the trier of the facts. If the present record rendered the assertions of the police that they advised the defendant of his rights prior to the admission incredible, as a matter of law, clearly the admission was inadmissible and a new trial would be granted *(People v Valerius,* 31 NY2d 51, 55; *People v Dunnett,* 44 AD2d 733). However, the record either at the suppression hearing or at trial on credibility does not render the assertions of the police as to chronology incredible or present a reasonable doubt as a matter of law as to such chronology. The issue was one of credibility and the written times certainly should have affected the weight to be given the testimony of the defendant and the police as to chronology, but beyond that, the finding of the trial court and the jury that the *Miranda* warnings were properly given

is not against the weight of the evidence. Finally, it should be further noted that after several requests to charge by the defendant's attorney as to the purpose and intent of the *Miranda* warning and immediately before the case was submitted to the jury, the court granted all of the defendant's requests and in addition stated as follows: "the precise issue in the case with regard to the defendant's warning is whether or not that statement was taken from him before he was given his *Miranda* warning." This record differs from numerous others involving the same issue considered by this court only that the factual issue herein concerns some notations as to time and the interpretation thereof. With reference to the 77-page brief filed by the defendant, we would invite counsel's attention to *Slater v Gallman* (38 NY2d 1, 4-5). Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.