■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOYCE G.

DUNTLEY, Appellant.—Appeal from a judgment of the County Court of Essex County, rendered June 7, 1978, upon a verdict convicting defendant of the crimes of burglary in the second degree and criminally negligent homicide. We have carefully examined all of the issues presented by defendant on this appeal and conclude that only a few of them merit discussion. Her pretrial motion to suppress a written confession was properly resolved. The trial court obviously discredited her version of the circumstances under which it was obtained, as it had a perfect right to do, and the testimony of the remaining witnesses established, beyond a reasonable doubt, that the challenged statement was voluntarily given following proper *Miranda* admonitions. Reviewing the totality of pertinent circumstances (see *People v Chaffee,* 42 AD2d 172), we briefly note that the actual *interrogation* was of short duration; that defendant was allowed to and did converse with a friend; and that she, as well as the police, had made arrangements for the care of her children. While this recitation does not exhaust the list of relevant considerations, we are satisfied that there is no basis for disturbing the trial court's findings and conclusions in denying the motion. Defendant's argument concerning the introduction of a certain receipt during trial appears to be founded on the supposed invalidity and irregular execution of a search warrant. However, the record discloses that the exhibit was obtained pursuant to her consent. Although a number of specific objections were raised at the time, none questioned the adequacy of that consent. As for her attack on the sufficiency of the proof relating to the burglary charge, defendant did not claim that any permission she may have had to be on the premises extended beyond the porch areas and, in any event, it was for the jury to determine the significance of the indications of forcible entry into the dwelling proper. Defendant's contentions involving the conduct of the trial, including the charge to the jury and requests made by it, fail to demonstrate that any prejudicial error was committed by the trial court. We do not believe that any reasonable view of the evidence justified the submission of criminally negligent homicide to the jury as a lesser included offense of second degree manslaughter (cf. *People v Strong,* 37 NY2d 568, 570-571), but there was no exception to the submission. Accordingly, any apparent inconsistency in the verdict actually rendered is not reviewable (CPL 300.50, subd 1). Judgment affirmed. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.