■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS K. TOPPING, Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered November 6, 1978, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the second degree. On June 29, 1978 defendant was indicted (two counts) for the crime of criminal possession of a forged instrument in the second degree (Penal Law, § 170.25). Subsequently, before trial, defendant pleaded guilty to attempted criminal possession of a forged instrument in the second degree on the second count of the indictment in full satisfaction of both charges. On appeal defendant challenges the voluntariness of his inculpatory statements, the quality of the testimony before the Grand Jury and the legality of the procedures resulting in his being sentenced as a second felony offender. Defendant challenges the denial of his motion to suppress the inculpatory statements made on the day of his arrest. The primary arguments in this regard are (1) that defendant's refusal to make a statement while a tape recorder was playing constituted an assertion of his right to remain silent and (2) that the statements in question were made under duress because of defendant's withdrawal from narcotics. The former claim is, quite simply, not supported by the record. The testimony of both the police officers and the defendant clearly indicates that defendant was fully advised of his *Miranda* rights and nevertheless chose to make detailed oral and written statements. Defendant's mere refusal to have his statements recorded, when preceded by oral statements and followed by a

written statement, can in no way be construed as an assertion of the right to remain silent. Despite defendant's testimony to the contrary, all three of the officers testifying at the *Huntley* hearing testified that they observed no symptoms of narcotics withdrawal at the time of the questioning. A full evidentiary hearing having been conducted, great weight must be accorded to the determination of the court which had the unique advantage of having seen and heard the witnesses *(People v Prochilo,* 41 NY2d 759; *People v Moore,* 66 AD2d 906). The "trial court obviously discredited [defendant's] version of the circumstances under which [the confession] was obtained, as it had a perfect right to do, and the testimony of the remaining witnesses established, beyond a reasonable doubt, that the challenged statement[s] [were] voluntarily given following proper *Miranda* admonitions" *(People v Duntley,* 73 AD2d 700). Since the County Court properly denied defendant's motion to suppress, his further argument that denial of the motion contributed to his guilty plea is without merit. Defendant also claims that the trial court improperly denied his motion to dismiss the indictment on the ground that the testimony before the Grand Jury was "unsupported and based on hearsay and conclusory opinions". Even assuming the truth of such contentions, "it is well established that a plea of guilty vitiates any question as to the sufficiency of the Grand Jury minutes" *(People v Clark,* 65 AD2d 884). Defendant objects to the timing of the institution of proceedings against him under CPL 400.21 to determine whether he was a second felony offender. Specifically, he objects to the conducting of such inquiry prior rather than subsequent to his conviction by way of plea to the second charge. It is evident from the minutes of the October 4, 1978 hearing on the plea that defendant suffered no prejudice from the technical failure of the trial court to follow the prescribed statutory sequence. The court, in conducting a detailed inquiry as to the prior felony conviction and its effect on the present sentence, took all necessary precautions "to insure that defendant's plea [was] voluntary in the sense that he [understood] the possible penal sanctions to which he [was] subject" *(People v Woods,* 50 AD2d 720, 721). Defendant's claim that the imposition of a probationary sentence on the prior felony prevents the use of the conviction as a prior felony is belied by the specific statutory language (Penal Law, § 70.06, subd 1, par [b], cl [iii]). Defendant's assertion that the County Court's failure to order a medical examination pursuant to section 23.07 of the Mental Hygiene Law rendered the sentence void is also specious. Since the court properly determined that regardless of defendant's addiction he had to be sentenced to a term of imprisonment as a second felony offender, there was no necessity for an examination under the statute *(People v Carter,* 31 NY2d 964). It should be noted, in addition, that defendant was examined by Dr. Sponnoble shortly after his arrest and that the doctor's report was submitted to the court by defendant's attorney prior to sentencing. Defendant, who has in large part handled his own appeal, also claims a denial of effective service of counsel. This argument is not substantiated by the record. Judgment affirmed. Mahoney, P. J., Sweeney, Staley, Jr., Casey and Herlihy, JJ., concur.