(October 16, 1980)

■ The People of the State of New York, Respondent, v Garnett L. Broome, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered January 10, 1979, upon a verdict convicting defendant of the crimes of murder in the second degree (felony murder) and robbery in the first degree. On August 20, 1978, Raymond Parker was found dead, with several stab wounds on his body. His body was found in a migrant worker's cabin which he shared with defendant. Defendant was apprehended on the afternoon of August 20, 1978 while riding in a car being operated by his girlfriend. Following an interrogation lasting approximately one and one-half hours, defendant signed a written statement in which he admitted stabbing Parker twice and then taking some money of Parker's allegedly owed to him. Further admissions by defendant also led the police to the recovery of a towel stained with blood and a knife. At the trial a witness testified that on the day in question she was in her cabin located near defendant's cabin when she heard a scream for help; that she then went to a window and saw defendant leaving his cabin wiping his hands and arms with a towel; that she saw defendant get into a car and then get out of the car and return to his cabin; and that defendant came out of the cabin carrying some type of clothes, threw the clothes in the back seat of the car, got into the passenger side of the car and left. It was also revealed at trial that blood was found on one of defendant's sandals and on the right front door of the car in which defendant was riding. Defendant was acquitted of intentional murder but convicted of felony murder and robbery in the first degree. This appeal ensued. At the time of defendant's arraignment, his attorney requested 45 days in which to make pretrial motions. The prosecution expressed fear that certain witnesses would return to their homes in Florida if a speedy trial was not held and offered to turn over to defendant all Grand Jury minutes and laboratory reports within five days. The court granted defendant 18 days in which to make his pretrial motions and it is claimed that such action was in violation of CPL 255.20. It is provided in CPL 255.20 (subd [1]) that "all pre-trial motions shall be made within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgment." In our view the statute in question sets a maximum time in which a defendant must make his pretrial motions without application to the court. However, no minimum time is set forth and we conclude that the trial court may, in its discretion, require that pretrial motions be made at some point earlier than 45 days after arraignment. Considering the circumstances in the present case and the expeditious disclosure by the prosecution, we cannot say that the court abused its discretion in granting defendant 18 days in which to make pretrial motions. Defendant urges that the written statement in which he admitted stabbing Parker should have been suppressed on the ground it was involuntarily

made. The issue concerning the voluntariness of defendant's statement narrowed to one of credibility. The trial court, as was it prerogative, chose to disbelieve defendant's testimony that he was forced by beatings into giving the statement and we find on the present record no reason to disturb the trial court's finding that the statement was voluntarily given after proper *Miranda* admonitions (see *People v Topping,* 74 AD2d 703; *People v Duntley,* 73 AD2d 700). In charging the jury, the trial court erroneously referred to defendant's written statement as a confession. Contrary to defendant's assertion, however, we do not believe that such error requires reversal. Defendant's guilt was proven by overwhelming proof and the error, in our opinion, did not have a substantial effect on the jury's verdict nor did it deprive defendant of a fair trial. Consequently, reversal is not required (see *People v Kingston,* 8 NY2d 384; *People v Daniels,* 77 AD2d 745). It is also contended by defendant that the underlying felony of the felony murder charge was a lesser included offense that merged in the conviction for which it was a predicate thereby necessitating a reversal of the conviction of robbery in the first degree. The Court of Appeals has recently decided to the contrary in *People v Berzups* (49 NY2d 417) and, therefore, defendant's argument must fail. We have considered defendant's remaining arguments and find them unpersuasive. Accordingly, the judgment must be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.