■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBECCA ANN CLEVELAND, Appellant. — Appeal from a judgment of the County Court of Saratoga County, rendered September 6, 1979, convicting defendant upon her plea of guilty of the crime of robbery in the first degree. This defendant's plea of guilty to the crime of robbery in the first degree was knowingly and voluntarily entered, in full satisfaction of an indictment which charged her with three counts of murder in the second degree, burglary in the first degree and robbery in the first degree, as the result of the murder and robbery of Mose Brisbois in his home in Cohoes, New York, on January 6, 1979. Also charged in the same indictment were Michael Homsey, Daniel Green and Bonnie Lee Green, whose conviction of robbery in the first de-

gree, after trial, was recently affirmed by this court *(People v Green,* 80 AD2d 693). The participation of this defendant was accessorial and similar in kind and degree to that of Bonnie Lee Green. On this appeal, defendant urges that two written statements and certain oral admissions were obtained in violation of her constitutional rights guaranteed under the Fourth, Fifth and Sixth Amendments. Contrary to defendant's contention, she was questioned in her own home and in the police station only after being fully apprised of her *Miranda* rights on at least four occasions and only upon her voluntary and intelligent waiver of her rights in the presence of and with the consent of her mother. There is no suggestion in the record that defendant was illegally detained or that the statements given by her were not voluntary. The finding of the trial court that such statements were, in fact, voluntary was amply supported by the evidence adduced at the *Huntley* hearing. The defendant's further contention that the Grand Jury evidence was insufficient to support the charges alleged against her in general and the crime to which she pleaded guilty in particular, was waived by her plea of guilty *(People v Gemmill,* 54 AD2d 1034; *People v O'Neal,* 44 AD2d 830). By her plea of guilty, she also waived her claim of error in the trial court's refusal to grant her motion for severance *(People v Smith,* 41 AD2d 893). In the circumstances, the sentence of the defendant to a term of imprisonment of from 3⅓ to 10 years was neither cruel, unduly harsh nor excessive *(People v Dittmar,* 41 AD2d 788). The judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P.J., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.