■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW F. WHITNEY, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered April 21, 1981, convicting defendant upon his plea of guilty of the crime of murder in the second degree. On November 14, 1980, at about 1:00 A.M., officers of the Colonie Police Department responded to a radio call which indicated a possible shooting at 18 Pierce

Street in the Town of Colonie. Initial investigation revealed that one James Connors had been shot at the location. During the investigation of the crime scene, Officer John MacHaffie discovered defendant and his wife, Mabel Whitney, hiding in the garage at the Pierce Street address. After some preliminary questioning by the police at the scene, defendant and his wife were escorted to police headquarters for further questioning. During the course of the next few hours, both defendant and his wife provided the police with oral and written statements. Defendant, in his written statement, admitted having shot Connors, though claiming that Connors had fired upon him first. On November 18, 1980, defendant and his wife were each indicted on two counts of murder in the second degree. Subsequently, a suppression hearing was held. The court found that the oral and written statements of defendant and his wife were admissible because they were made in response to proper police questioning during the crime scene investigation or after full *Miranda* warnings had been read to them and they had voluntarily and knowingly waived their *Miranda* rights. *Miranda* warnings were given to defendant at the crime scene, in the police car on the way to police headquarters, and at police headquarters. Finally, the court found that a statement made by defendant to the police after his arraignment on the morning of November 14, 1980 to the effect that he did not commit the the homicide but had made his previous statements to protect his wife, was admissible because it was a spontaneous declaration. On April 21, 1981, after defendant had pleaded guilty to murder in the second degree on the first count of the indictment, he was sentenced to an indeterminate term with a maximum term of life and a minimum term of 15 years. Defendant appeals. Defendant argues that he made his oral and written statements to the police in response to improper and continuous police interrogation after he had asserted his *Miranda* rights. The suppression hearing record, however, belies defendant's claim that he asserted his *Miranda* rights and clearly supports the finding that defendant's statements were voluntarily and knowingly made after proper *Miranda* admonitions (see *People v Broome,* 78 AD2d 718). Defendant further argues that his statement to the police after his arraignment ("Lieutenant, I didn't shoot him. I wanted to protect my wife.") should have been suppressed because it was made after defendant had invoked his right to counsel just prior to the arraignment. This contention should be rejected as the record supports County Court's finding that this statement was not made in response to police questioning, but was volunteered by defendant. Accordingly, County Court correctly determined that the statement was admissible as a spontaneous declaration (*People v Lynes,* 49 NY2d 286; see, also, *People v Cunningham,* 49 NY2d 203, 210, n 2). Next, defendant raises challenges to the Grand Jury proceedings. Specifically, these challenges involve the District Attorney's charge to the Grand Jury and whether sufficient exculpatory evidence was presented by the District Attorney. Such contentions were waived by defendant's plea of guilty (see *People v Cleveland,* 81 AD2d 944, 945; *People v Gemmill,* 54 AD2d 1034). Defendant's argument that the waiver principle is not applicable in cases where a sentence of life imprisonment may be imposed is without merit (see, e.g., *People v La Ruffa,* 34 NY2d 242, adhered to on rearg 37 NY2d 58, cert den 423 US 917). And in any event, we have examined defendant's arguments with respect to the Grand Jury proceedings and find them unpersuasive. The judgment should be affirmed. Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.