7   In the Matter of MARCOS VELOZ, Petitioner, v HAROLD ROTHWAX et al., Respondents. — Petition seeking an order pursuant to CPLR article 78, requiring respondent to accept for filing and thereafter render a decision upon an omnibus motion served by petitioner in accord with CPL 255.20, is granted, on the law, without costs. ¶ On March 23, 1984, petitioner was arraigned before Justice Rothwax on indictment 1699/84, charging him with criminal

possession of a weapon in the third degree (two counts), criminal possession of a controlled substance in the fourth degree, and criminal possession of a weapon in the seventh degree. Petitioner entered a plea of not guilty and the matter was adjourned to April 11, 1984. On the adjourned date, Justice Rothwax ordered that all defense motions be served upon the prosecution by April 16, 1984, which was five days later and only 23 days after arraignment. Petitioner requested additional time to file his motions and pointed out that the court was affording him less time than that prescribed by statute. The court refused to allow petitioner any additional time and adjourned the case until May 2, 1984. ¶ The petitioner served an omnibus motion on April 27, 1984, 11 days after the "final" date set by the court but 10 days prior to the expiration of the time period prescribed by CPL 255.20. ¶ On May 2, 1984, the District Attorney acknowledged receipt of petitioner's and codefendant's motions and requested 7 to 10 days to respond. Justice Rothwax, *sua sponte,* precluded any motions received after April 18, 1984. ¶ CPL 255.20 (subd 1) states in pertinent part: "Except as otherwise expressly provided by law, whether the defendant is represented by counsel or elects to proceed pro se, all pre-trial motions shall be served or filed *within forty-five days after arraignment* and before commencement of trial, *or within such additional time* as the court may fix" (emphasis added). ¶ The intent to set a minimum time period of 45 days in which a defendant may make pretrial motions is explicitly reflected in the February 15, 1974 Judicial Conference Report on the Criminal Procedure Law (McKinney's Session Laws of NY, 1974, p 1827). Originally, as noted in the report, the bill required a defendant to make all pretrial motions within 30 days and its failure to pass at a prior legislative session was due to the belief of many legislators that 30 days "provided too short a time for adequate preparation of those motions" (*id.,* at p 1828). Thus, the bill enacted as CPL 255.20 was modified to provide 45 days in order to alleviate that concern. ¶ The court proceeded on the assumption it had authority to preclude the omnibus motion based upon the general authority of a Trial Judge to control his calendar. Thus, it stated it was precluding petitioner's motion based upon its prior "final marking". Although we can appreciate the efforts of the Trial Judge who is a conscientious and capable jurist to accelerate the criminal justice process, "calendar control" cannot be used as a premise for imposing a preclusive time limitation more restrictive than that set forth in the statute (see *People v Douglass,* 60 NY2d 194; *Cohn v Borchard Affiliations,* 25 NY2d 237). ¶ *People v Broome* (78 AD2d 718), cited by respondents, is inapposite. There the trial court required defense counsel to submit pretrial motions within 18 days after arraignment. However, the defendant was *able* to comply with this deadline and the *Broome* court held that "[c]onsidering the circumstances in the present case and the expeditious disclosure by the prosecution, we cannot say that the court abused its discretion". The Third Department, however, did not address in *People v Broome* whether the trial court could have refused to determine defendant's motions had they been submitted after the 18-day deadline and, additionally, did not explore the legislative history of CPL 255.20. ¶ As a general rule, a writ of mandamus will not be granted to review the determination of an officer involving the exercise of discretion (*Matter of Gimprich v Board of Educ.,* 306 NY 401, 406). However, as noted recently by the Court of Appeals, we must distinguish between "those acts the exercise of which is discretionary from those acts which are mandatory but are executed through means that are discretionary * * * What has been somewhat lost from view is this function of mandamus to compel acts that officials are duty-bound to perform, regardless of whether they may exercise their discretion in doing so" (*Klostermann v Cuomo,* 61 NY2d 525, 539-540). ¶ Petitioner is not seeking to compel Justice Rothwax to render any particular decision

upon his motions but merely to compel him to hear and render a decision upon them. Mandamus will lie to compel performance of a ministerial obligation even when the obligation arises in the course of a criminal prosecution (see *Matter of Silver v Gassman,* 6 AD2d 694). Concur — Murphy, P. J., Kupferman, Asch, Bloom and Kassal, JJ.