OPINION OF THE COURT
 

 Memorandum.
 

 The judgment of the Appellate Division should be reversed, without costs, and the petition dismissed.
 

 CPL 255.20 (1) prescribes a minimum, fixed time period of 45 days in which a defendant may make pretrial motions. This provision carefully balances considerations of judicial economy
 
 (People v Lawrence,
 
 64 NY2d 200, 204-205) with defendant’s need for adequate time in which to prepare and make pretrial motions. A trial court may not,
 
 sua sponte,
 
 alter this statutory time period
 
 (People v Douglass,
 
 60 NY2d 194, 205). Thus, we agree with the Appellate Division that respondent lacked the authority to shorten the statutory time period in which to make pretrial motions.
 

 We hold, however, that the Appellate Division erred in granting the petition seeking an order, pursuant to article 78 and in the nature of a writ of mandamus, compelling respondent to render a merits determination upon petitioner’s omnibus motion (CPL 255.20). Respondent’s misconstruction of CPL 255.20 constitutes an error of law, in a pending criminal action, which is
 
 *904
 
 not subject to relief in the nature of a writ of mandamus.
 
 (Matter of Legal Aid Socy. v Scheinman,
 
 53 NY2d 12, 16;
 
 La Rocca v Lane,
 
 37 NY2d 575, 579.) Moreover, since petitioner may obtain judicial review of his claim on direct appeal from a judgment of conviction, it is impermissible to disrupt the criminal proceedings by resort to the extraordinary writ of mandamus.
 
 (Matter of Legal Aid Socy. v Scheinman, supra,
 
 at p 16;
 
 Matter of Morgenthau v Erlbaum,
 
 59 NY2d 143, 147.)
 

 In prior cases, this court has converted, or permitted conversion of, proceedings brought by the People seeking writs of prohibition to actions for declaratory judgment where the obvious effect of the criminal court’s ruling extended far beyond the case at bar.
 
 (Matter of Morgenthau v Erlbaum,
 
 59 NY2d 143, 153,
 
 supra; Matter of Morgenthau v Roberts, 65
 
 NY2d 749.) Defendant, properly concerned only with the application of a particular challenged ruling to his case, lacks the requisite standing to seek a declaration of the rights of other parties in subsequent litigation. (Siegel, NY Prac § 436.) Declaratory relief is available only to the People.
 
 (Matter of Morgenthau v Erlbaum, supra.)
 

 Inasmuch as petitioner may not seek relief in the nature of a writ of mandamus, or declaratory relief, the petition should be dismissed.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment reversed, etc.