THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLAND FARRELL, Appellant.

Third Department, September 18, 1986

## APPEARANCES OF COUNSEL

*James C. Straney* for appellant.

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for respondent.

## OPINION OF THE COURT

Main, J.

Defendant was indicted on October 29, 1982 and charged with criminal sale of a controlled substance in the third degree, in violation of Penal Law § 220.39 (1), and with criminal possession of a controlled substance in the third degree, in violation of Penal Law § 220.16 (1). He was arraigned on the charges on November 1, 1982, at which time he was represented by a Public Defender, and subsequently retained private counsel. When defense counsel appeared before County Court on December 7, 1982 for what he believed was an audibility hearing, County Court informed him that the hearing was, in fact, a suppression hearing and that if he did not participate in the hearing such hearing would be waived. Defense counsel elected to proceed with the hearing but presented no witnesses.

After the hearing, County Court announced that the case would be tried the following week. Defense counsel objected to this on the ground that his period of 45 days to make pretrial motions, measured from the date of arraignment *(see,* CPL 255.20 [1]), had not expired, and he was not prepared for trial. County Court informed defense counsel that it interpreted the 45-day rule as requiring that pretrial motions be made returnable, not simply filed, within that time period. Since December 9, 1982 was the last day of a Special Term within the 45-day period, County Court stated that motions not returnable by that date would be waived. An omnibus motion dated December 10, 1982 was filed on defendant's behalf. The motion was summarily denied by County Court on December 13, 1982, and the trial was commenced on that same date.

We find that County Court erred by interpreting the 45-day rule of CPL 255.20 (1) as meaning that pretrial motions must be made returnable within that time period. That statute provides, *inter alia,* that "all pretrial motions shall be *served or filed* within forty-five days after arraignment and before commencement of trial" (CPL 255.20 [1]; emphasis supplied). Further, the Court of Appeals has interpreted the statute as: "prescrib[ing] a minimum, fixed time period of 45 days in which a defendant may make pretrial motions. This provision carefully balances considerations of judicial economy * * *

with defendant's need for adequate time in which to prepare and make pretrial motions. A trial court may not, *sua sponte,* alter this statutory time period" *(Matter of Veloz v Rothwax,* 65 NY2d 902, 903). While we appreciate County Court's concern with the administration of the criminal justice system, "calendar control" does not justify the imposition of a time limitation more restrictive than that set forth by the statute *(see, Matter of Veloz v Rothwax,* 103 AD2d 715, 716, *revd on other grounds* 65 NY2d 902).

Our decision in *People v Broome* (78 AD2d 718) is distinguishable from the present case. In *Broome,* the trial court required submission of pretrial motions 18 days after arraignment out of concern that witnesses would not be available if the case was not handled in an expeditious manner. However, the prosecution expedited disclosure in order to enable the defendant to comply with the order, and the defendant was in fact able to comply. Conversely, the present case evinces no special circumstances and no expeditious disclosure by the People, and defendant was unable to make his motions within the time limitation set by County Court. It cannot be said that County Court's error was harmless and that defendant was not thereby prejudiced. Accordingly, defendant's conviction should be reversed and he should be granted a new trial with ample time to serve and file pretrial motions. Because of this disposition, it is unnecessary to address defendant's remaining arguments.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial.