◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY MITCHELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered September 19, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

A plea of guilty results in the forfeiture of appellate review of certain nonjurisdictional defects *(see, e.g., People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338). A limited exception to this rule, set forth in CPL 710.70 (2), permits appellate review of orders which finally determine pretrial motions to suppress evidence. Thus, the defendant has forfeited his right to appellate review of the order dated June 3, 1983 (Lagana, J.), which denied his motion to sever various counts of the indictment *(see, People v Cleveland,* 81 AD2d 944, 945; *People v Howard,* 65 AD2d 775; *People v Smith,* 41 AD2d 893). Further, since the defendant pleaded guilty prior to the determination of his motion to suppress certain identification testimony, he has similarly forfeited his right to appellate review of any claimed defect in connection with police-sponsored identification procedures *(see, People v Fernandez,* 67 NY2d 686, 687; *see also, People v Corti,* 88 AD2d 345).

The court did decide, before the defendant pleaded guilty, that branch of the defendant's omnibus motion which was to suppress certain statements made by the defendant to the police. We find that the denial of that branch of the defendant's omnibus motion is fully supported by the evidence contained in the record, which establishes that the defendant

made certain statements only after having knowingly waived his *Miranda* rights. We have examined the defendant's remaining contentions and find them to be either unpreserved for review *(see, People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997), or without merit. Rubin, J. P., Kunzeman, Spatt and Harwood, JJ., concur.