■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD BISHOP, JR., Appellant.—Levine, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered February 26, 1987, convicting defendant upon his plea of guilty of the crime of burglary in the first degree.

After listening to a taped conversation between defendant and a female friend in which defendant admitted that he and his codefendant had entered the home of an elderly man on Front Street in the Town of Dickinson, Broome County, threatened and beat him and stole $300, Sheriff's officers proceeded to the female friend's home and arrested defendant when he arrived there. A scuffle ensued and defendant was placed in handcuffs and then transported to the Sheriff's office. During interrogation, defendant orally confessed but refused to give the police a written statement. The codefendant was also arrested and he made a written confession. Defendant and the codefendant were subsequently indicted for burglary in the first degree. Defendant then moved, *inter alia,* for suppression of his oral statement and for severance and a separate trial from his codefendant. Following County Court's denial of his motions, defendant pleaded guilty and was sentenced as a second felony offender to a prison term of 9 to 18 years. This appeal ensued.

There should be an affirmance. County Court had ample evidence to support its conclusion that defendant was properly advised of his *Miranda* rights before interrogation was commenced, that he waived those rights voluntarily and intelli-

ently and that, on the totality of the circumstances, his oral confession was made voluntarily. The arguments of defendant to the contrary raise only credibility issues as to the testimony of the Sheriff's officers who conducted the interrogation, which were within County Court's province to resolve *(see, People v Mendez,* 75 AD2d 400, 404). Defendant's refusal to give a written statement does not affect the validity of his oral admission *(see, Oregon v Elstad,* 470 US 298, 316).

With regard to the denial of defendant's motion for severance, the motion was primarily based upon defense counsel's anticipation that the codefendant would testify and place the primary blame on defendant for the commission of the crime and, thus, the defenses of the two accuseds would be materially antagonistic. County Court concluded that a joint trial would not be prejudicial and also considered the effect on the elderly victim in having to undergo the ordeal of multiple trials. We find no basis for upsetting County Court's exercise of discretion in weighing the pertinent factors and deciding them in favor of a joint trial *(see, People v Cruz,* 66 NY2d 61, 69, *revd on other grounds* 481 US 186, 107 S Ct 1714).

County Court also considered the issue of whether the admissibility of each defendant's confession required separate trials. Applying the then prevailing New York authority on the issue, the court held that a joint trial was permissible because, with appropriate redaction, the confessions were "interlocking" *(see, People v Cruz, supra,* at 65, 69-70; *see also, Parker v Randolph,* 442 US 62). It is true that the United States Supreme Court, in subsequently reversing *People v Cruz (supra),* has rejected the interlocking confession exception to the rule originally announced in *Bruton v United States* (391 US 123) that the admission of a codefendant's incriminating confession at a joint trial deprives a defendant of his 6th Amendment right to confront the witnesses against him *(Cruz v New York,* 481 US 186, —, 107 S Ct 1714, 1719, *supra).* Nevertheless, in our view, this does not vitiate the conviction based upon defendant's guilty plea. The *Bruton* rule pertains to a defendant's *trial* right of confrontation. In pleading guilty, defendant expressly waived his rights to and in connection with a trial, including that of confronting and cross-examining the witnesses against him. Thus, any objections to the denial of the motion to sever were waived by the plea *(see, People v Thomas,* 74 AD2d 317, 320-321, *affd* 53 NY2d 338; *People v Smith,* 41 AD2d 893, 894). Applying the principle of waiver by guilty plea is particularly apt as to a motion for a separate trial based upon joint confessions, since

no constitutional deprivation would exist if, at the trial, the codefendant chooses to testify *(see, Cruz v New York,* 481 US 186, —, 107 S Ct 1714, 1717, *supra).*

We have examined defendant's remaining points, including his claim that the sentence was harsh and excessive, and find them equally without merit.

Judgment affirmed. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.