■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MENTON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered October 1, 1985, convicting him of burglary in the third degree, criminal possession of stolen property in the second degree and criminal possession of a hypodermic needle, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, on appeal, challenges the propriety of the sentence on the ground that the sentencing court failed to comply with Mental Hygiene Law former § 23.07, which was in effect at the time the defendant was indicted, but which has since been repealed. Under this provision, a medical examination was required of any defendant who, while in custody, stated, indicated, showed symptoms of or otherwise appeared to be a substance-dependent person. Mental Hygiene Law former § 23.09 provided that the court, under certain enumerated circumstances, was to consider the report of a medical examination conducted pursuant to Mental Hygiene Law former § 23.07 prior to imposing sentence. In the event it was determined that a defendant was, in fact, a substance-dependent person, the court, in its discretion, could impose an alternate sentence then provided for in Penal Law former § 60.03.

Although the defendant claims that the sentencing court should have required such an examination and considered the results thereof prior to imposing sentence, this contention is devoid of merit in view of the fact that Mental Hygiene Law former § 23.09 was repealed in 1980, prior to the initiation of criminal proceeding against the defendant. Since Penal Law former § 60.03 was also repealed in 1980, the sentencing court

could not have imposed an alternate sentence previously available under those provisions. Accordingly, a medical examination of the defendant pursuant to Mental Hygiene Law former § 23.07 would have served no useful purpose *(see, People v Carter,* 31 NY2d 964).

We further note that the sentencing court, in any event, would not have been required to consider the results of a medical examination for drug dependency since Mental Hygiene Law former § 23.09, even if it had been in effect, specifically exempted prior felony offenders from its coverage *(see, People v Topping,* 74 AD2d 703). The defendant in this case was adjudicated a second felony offender and was properly sentenced as such. Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.