■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY P. VELLAKE, Appellant. [770 NYS2d 895]—

Mugglin, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered November 14, 2000, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

After his wife's body was found floating in Cayuga Lake near Stewart Park in the City of Ithaca, Tompkins County, on July 2, 2000, defendant was charged with two counts of second degree murder. At his August 2, 2000 arraignment, defendant entered a plea of not guilty. The prosecution served an order to show cause prior to the arraignment requesting that defendant be ordered to provide a sample for DNA testing and maintaining that DNA evidence was crucial to the case. County Court granted the prosecution's request. On August 18, 2000, the prosecution served a statement of readiness for trial and voluntarily disclosed, among other things, copies of serology and certain DNA reports based upon evidence recovered. The prosecution advised that it would make available laboratory reports when the DNA analysis was finally complete. Following a pre-

liminary conference on August 23, 2000, the parties stipulated that discovery would be completed by September 1, 2000 and that the trial would commence on November 6, 2000.

On September 5, 2000, the prosecution advised that the DNA analysis was not yet complete. Such material, however, was provided on September 13, 2000. After being informed the following day that County Court had decided to move the trial date to October 16, 2000, defense counsel made an omnibus motion seeking, among other things, a continuance to have the trial moved back to the original date. This request was denied by County Court. On October 11, 2000, defense counsel moved again for a continuance of the trial for 45 days, citing the need to retain a forensic expert. County Court denied the motion on the date of trial, noting that, if necessary, defense counsel could reapply for a continuance at the close of the prosecution's case. Before the trial commenced, defendant pleaded guilty to murder in the second degree in satisfaction of all charges and without a promise as to sentencing. He was thereafter sentenced to 25 years to life in prison. He now appeals.

We note that by pleading guilty, defendant is foreclosed from challenging County Court's denial of his request for a continuance. Such request was premised upon defendant's desire to retain a forensic expert to potentially controvert the evidence advanced by the prosecution at trial. Insofar as this was essentially an exercise of defendant's right to confrontation, it is waived by his guilty plea (*see People v Hansen*, 95 NY2d 227, 230-231 [2000]; *People v Reiblein*, 200 AD2d 281, 283 [1994], *lv denied* 84 NY2d 831 [1994]; *People v Bishop*, 139 AD2d 817, 818 [1988], *lv denied* 72 NY2d 856 [1988]).

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.