■ In the Matter of PAULO MALUF et al., Appellants, v CYRUS V. VANCE, JR., as District Attorney of New York County, Respondent. [984 NYS2d 44]—

Order and judgment (one paper), Supreme Court, New York County (Marcy S. Friedman, J.), entered April 25, 2012, which denied the petition seeking, among other things, a writ of prohibition prohibiting respondent Cyrus V. Vance, Jr., New York County District Attorney (DA), from continuing to prosecute a pending criminal action against petitioners, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

In this action for a writ of prohibition directing the DA to stay the prosecution of petitioners, Brazilian citizens (the former mayor of São Paolo and his son) who have been indicted in New York for crimes relating to the theft of more than $11 million in Brazilian public funds that were allegedly transferred to petitioners' account in a bank located in New York, the petition was properly denied. The extraordinary remedy of prohibition is not available to petitioners, who assert that the underlying criminal action violates their statutory and constitutional rights to a speedy trial and their right to due process, or, in the alternative, that the indictment should be dismissed either in furtherance of justice pursuant to CPL 210.40 (1) or under principles of international comity. These claims allege errors of law for which petitioners have adequate alternative remedies, including filing pretrial motions in the underlying criminal action and challenging any conviction on appeal (*Matter of Veloz v Rothwax*,

65 NY2d 902, 904 [1985]; *Matter of Lopez v Justices of Supreme Ct. of N.Y. County*, 36 NY2d 949 [1975]; *Matter of Neal v White*, 46 AD3d 156, 159-160 [1st Dept 2007]). That petitioners would have to voluntarily leave their home country to appear for arraignment since Brazil will not extradite its own citizens before availing themselves of such remedies does not render them inadequate (*see Matter of Rush v Mordue*, 68 NY2d 348, 354 [1986] ["the ordeal of a criminal trial and the possibility of conviction, by themselves, are insufficiently harmful to warrant use of the writ"]). Moreover, petitioners have failed to meet their burden of demonstrating a "clear legal right" to any of the relief sought (*Matter of Haggerty v Himelein*, 89 NY2d 431, 435 [1997]). Concur—Tom, J.P., Acosta, Freedman and Kapnick, JJ. **[Prior Case History: 35 Misc 3d 1219(A), 2012 NY Slip Op 50743(U).]**